NICHOLAS VERZIER ET AL. *vs.* AUGUSTINE V. CONVARD.
[75   1|76  456|

Third Judicial District, Bridgeport, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

The record of the trial court, showing that the finding in the cause was
refiled upon a certain date, imports absolute verity in this court.
If erroneous in point of fact, the entry can be corrected only by the
court whose record it is.

An express trust concerning real estate, conveyed by an absolute deed
and expressed to be for a valuable consideration, cannot, under the
statute of frauds, be proved by oral testimony.

In order to render such testimony competent, upon the ground of part
performance, the acts or conduct of the parties, ordinarily relied
upon for that purpose, must first be shown, and must not only be
consistent with the existence of the alleged agreement but inexpli-
cable upon any other reasonable hypothesis.

In the present case the defendant was the grantee of land which was
conveyed to her by warranty deed conditioned for the support of
the grantor during his lifetime, but otherwise absolute in its terms.
After the grantor's death the plaintiffs, who, with the defendant,
were his heirs-at-law, sought to have the property divided into four
equal parts, one for each of the heirs, alleging that the land was
conveyed to the defendant upon an oral agreement with the grantor
to that effect. *Held* that inasmuch as the acts and conduct of the
parties, as shown by the evidence, were entirely consistent with the
stipulations of the deed, the trial court erred in admitting oral evi-

dence of the alleged agreement whereby to charge a trust upon the conveyance.

Argued April 15th—decided June 6th, 1902.

ACTION to enforce the specific performance of an agreement for the division of certain real estate conveyed to the defendant, brought to the Superior Court of New Haven County where a demurrer to the complaint was overruled (*Ralph Wheeler, J.*) and the cause was afterwards tried to the court, *George W. Wheeler, J.;* facts found and judgment rendered for the plaintiffs, and appeal by the defendant for alleged errors in the rulings and findings of the court. *Error and judgment reversed.*

The three plaintiffs and the defendant are brothers and sister, the next of kin and only heirs-at-law of their uncle, Nicholas Verzier, now deceased. March 9th, 1892, the uncle, then a childless widower residing in the household of the defendant, where two of the plaintiffs also resided contributing to the household expenses, conveyed to the defendant the real estate in question. The deed was in the usual form of a warranty deed, and was expressed to be " for a valuable consideration in dollars." It conveyed the premises as free from all incumbrances except a mortgage for $1,900, which the defendant, as a part of the consideration, assumed and agreed to pay. Following the description was this language : " provided always, and this deed is given upon this express condition, that the said grantee shall provide the said grantor a suitable and comfortable home, clothing, board, medical attendance in case of sickness, and a suitable and proper burial at his decease, and fully pay and discharge the cost and expense of such home and other things to be provided under this condition without charge or expense to said grantor in his lifetime, or to his estate after his decease." Then followed a provision for re-entry for condition broken. There was no consideration for the conveyance other than that expressed in the condition and assumption of the deed. The defendant thereupon took possession of said conveyed premises, which were rented, and thereafter continued such pos-

session, receiving the rentals thereof and making the needed repairs thereon.

The uncle lived until February, 1898. During all this time he continued to live in the defendant's household, and she faithfully observed all the obligations on her part expressed in said deed, and after his death buried him as agreed. At what expense this was to the defendant is not disclosed by the record, save that shortly after his death she mortgaged the property for an additional $800 to pay, in part, household bills and funeral expenses.

The plaintiffs claim that the deed in question was executed and delivered to the defendant upon an agreement made with the uncle by her that she would take charge of the property, provide him with support, etc., as expressed in the condition of the deed, and upon his death would divide the property into four equal parts and convey one part to each of her brothers, the plaintiffs, retaining the other part herself. The court has, against the defendant's contention, found that this agreement was made. It is also found that this agreement and the consequent conveyance resulted from an effort on her part to prevent her uncle from selling the property, as he was endeavoring to do, and taking the proceeds and going to France to spend the remainder of his days. It is also found that this agreement did not involve the assumption by the defendant of the $1,900 mortgage, which was in fact made in the conveyance. This agreement is found to have been made no otherwise than verbally, the only writing in any way connected with the matter being the deed in question.

The judgment of the court was, in effect, that the defendant pay off said $800 mortgage and convey to each of the plaintiffs a one undivided one-fourth part of said premises, subject to the $1,900 mortgage.

*Edward F. Cole*, for the appellant (defendant).

*John O'Neill*, for the appellees (plaintiffs).

PRENTICE, J. The plaintiffs filed in this court a plea in

abatement and a motion to erase, both based upon the claim that the defendant did not seasonably perfect her appeal. The appeal was taken March 12th, 1902. The finding was filed February 7th, 1902. The plaintiffs claim that the defendant's right to appeal expired two weeks from that date. The record which comes to this court, however, states that the finding was refiled March 11th, 1902. The plaintiffs, appreciating that the refiling of a finding extends the time of appeal, urge in support of both their plea and motion that the action of the clerk, whose action it is assumed to be, in making this record of a refiling, was unjustified and therefore nugatory, thus leaving the date from which the time was to run that of February 7th.

We are met with two insurmountable difficulties in accepting this proposition. First, we are not at liberty to assume that the action of the clerk in making a record of a refiling was without the authority and direction of the trial judge. Second, the record of the Superior Court is not subject to our correction in this regard. If the record does not express the fact, the court whose record it is can alone correct it, and the way for its correction was open to the plaintiffs. *Weed* v. *Weed*, 25 Conn. 337 ; *Smith* v. *Moore*, 38 id. 105. Here the record imports absolute verity. *Douglass* v. *Wickwire*, 19 Conn. 489, 493.

These considerations render it unnecessary to decide the questions as to the duty of the clerk in the premises, which the plaintiffs sought to raise. For the reasons above stated, said plea in abatement was overruled and said motion to erase denied.

The conveyance in question was one for a valuable consideration. No claim can therefore be made that it created a resulting trust. None of the conditions which are recognized as giving rise to a resulting trust appear in the record. 1 Perry on Trusts, § 125; 2 Pomeroy's Equity, § 1031 ; Bispham's Equity, § 79. No more does the record disclose the facts necessary to create a constructive trust. There is no hint of any fraud, misrepresentation, imposition, circumvention, artifice or concealment, or abuse of confidential re-

lations. 1 Perry on Trusts, § 166; 2 Pomeroy's Equity, §§ 1045–1053; Bispham's Equity, §§ 20, 79. It is suggested in the plaintiffs' brief that the situation is one which raises an implied trust. If the term "implied trust" is used generically, to embrace resulting and constructive trusts as distinguished from express trusts, further comment is unnecessary. If, however, it is used, as it often is, to designate those trusts which are strictly express but which, not being clearly expressed, are inferred by construction of the language of a will or other instrument, then clearly this case presents none of the elements of an implied trust. There are no words in the conveyance in question which, taken alone or in connection with the transaction, can by any possibility be indicative of a trust intention. There is no language which can become the subject of such a construction. 1 Perry on Trusts, § 112; 2 Pomeroy's Equity, § 1010. There is no foundation furnished by the finding for equitable interference to the end desired by the plaintiffs, upon the ground of accident or mistake. The deed, if we except the assumption of the mortgage, was none other than the parties intended to give and receive respectively.

It is clear, therefore, that if the plaintiffs prevail at all, it must be upon the strength of the express agreement to divide after the uncle's death, which the court has found to have been made. This agreement, as it is found, is sufficiently clear in its terms. If it is one which the court had the legal right to recognize and enforce, clearly the defendant grantee took her title impressed with an express trust to do therewith as she agreed.

We are met, therefore, with the question as to the legal effect of this agreement, which was oral only. The conveyance to the defendant, aside from its condition and the incumbrance, was an absolute one. It was expressed to be, and in fact was, for a valuable consideration. There is no hint of a trust to be found within its four corners. Can its character be changed by the verbal agreement in pursuance of which it was made? It is well settled in this State that an express trust in lands, conveyed by an absolute deed and

expressed to be for a valuable consideration, cannot be created by parol. *Dean* v. *Dean*, 6 Conn. 285 ; *Vail's Appeal*, 37 id. 185, 198 ; *Todd* v. *Munson*, 53 id. 579 ; *Brown* v. *Brown*, 66 id. 493.

This rule, however, is not without its exception. It has long been an accepted principle that equity will, under proper circumstances, give effect to a parol agreement relating to the sale of lands where the moving party induced by it has pursued its provisions and partly performed it. The soundness of the reasoning underlying this doctrine, and its wisdom, have both been questioned, but it has become too firmly rooted in our jurisprudence to be disregarded. *Maddison* v. *Alderson*, L. R. 8 App. Cas. 467 ; *Annan* v. *Merritt*, 13 Conn. 478 ; 3 Pomeroy's Equity, § 1409 ; Bispham's Equity, § 385 ; Browne on the Statute of Frauds, § 447 *et seq.;* Beach's Modern Equity, § 613 ; Fry's Specific Performance, § 555. This court has repeatedly adopted and applied it. *Downey* v. *Hotchkiss*, 2 Day, 225 ; *Cady* v. *Cadwell*, 5 id. 67, 71 ; *Watrous* v. *Chalker*, 7 Conn. 224 ; *Crocker* v. *Higgins*, ibid. 342 ; *Annan* v. *Merritt*, 13 id. 478 ; *Church* v. *Sterling*, 16 id. 388 ; *Eaton* v. *Whitaker*, 18 id. 222 ; *Collins* v. *Tillou*, 26 id. 368 ; *Hayden* v. *Denslow*, 27 id. 335 ; *Green* v. *Finin*, 35 id. 178 ; *Randall* v. *Latham*, 36 id. 48 ; *Lester* v. *Kinne*, 37 id. 9 ; *Haussman* v. *Burnham*, 59 id. 117 ; *Andrew* v. *Babcock*, 63 id. 109, 119 ; *Van Epps* v. *Redfield*, 69 id. 104.

This doctrine is frequently loosely stated, and, it must be confessed, not infrequently invoked and applied in aid of a court in reaching what is believed to be an equitable result, without a clear comprehension of its limitations. It has very decided limitations, not apparent perhaps from its statement. Clearly, if we are to give any effect to the Statute of Frauds, it cannot be permitted that a plaintiff may show by parol evidence a verbal agreement relating to the sale of lands, and then a part performance by himself of that agreement, and thus alone lay the foundation for specific performance on the part of the defendant. Pomeroy well says of such a proceeding, that it would amount " to a virtual repeal of the statute." Pom. on Cont., § 108.

In a situation such as we have under review, there are two entirely distinguishable matters to be established by proof, to wit: (1) that there was some agreement in pursuance of which the plaintiff has acted in part performance, and (2) what the nature and terms of that agreement were. The doctrine of part performance requires that there be preliminary proof establishing the first fact before the court will accept oral testimony concerning the second inquiry. In other words, it must appear that there must have been some agreement between the parties, upon the strength of which and in pursuance of which the plaintiff has acted in a part performance which would be to his injury if the defendant was not compelled to perform, before evidence in parol will be received to ascertain what the agreement was that by the enforcement of its terms a wrong may not be accomplished. This preliminary evidence generally is that of conduct—conduct of the parties which points unmistakably, as Pomeroy says, to an agreement which cannot, " in the ordinary course of human conduct, be accounted for in any other manner than as having been done in pursuance of a contract." This doctrine has come to be well recognized. Pom. on Cont., § 108 ; Browne on the Statute of Frauds, § 455 ; Beach's Modern Equity, § 616. In *Van Epps* v. *Redfield,* 69 Conn. 104, appears a clear statement of these principles embodying the trenchant observations of Pomeroy. The case of *Andrew* v. *Babcock,* 63 Conn. 109, also lays down the same propositions, which were foreshadowed as far back as *Church* v. *Sterling,* 16 Conn. 388.

Applying these principles to the facts in this case, it is clear that the conditions for the admission of oral testimony to charge a trust upon this conveyance, are entirely wanting. The conduct of the parties attending and following the giving of the deed, and during the succeeding seven years which remained of the grantor's life, was throughout entirely consistent with its provisions. Not an act can be suggested which is not naturally referable to its stipulations. There is not a thing to suggest, even remotely, that there was any other agreement between the parties than that which the deed

evidenced. Without the oral evidence, the plaintiffs' contention that there was an agreement, would stand absolutely without proof. The plaintiffs' case is, therefore, the bald one of an attempt to create an express trust in lands by parol evidence alone. It must, therefore, fail.

The other objections urged by the defendant in her demurrer and renewed upon the trial, which are made grounds of appeal, as well as those to the finding, need not be considered.

There is error and the judgment is reversed.

In this opinion the other judges concurred.