ISADORE SIMONS vs. THE NEW BRITAIN TRUST COMPANY.

First Judicial District, Hartford, October Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

An oral agreement to lease premises for a term of years is within the statute of frauds. No action can be maintained upon it, nor can it be used by a defendant to defeat a demand otherwise legal and just.

An alleged written memorandum of such an agreement which makes no reference whatever to the length of the term, is insufficient to satisfy the requirements of the statute of frauds; nor can such omission be supplied by parol evidence.

Argued October 2d—decided October 22d, 1907.

WRIT OF ERROR to reverse a judgment of a justice of the peace in an action of summary process, brought to and tried by the Court of Common Pleas in Hartford County, *Coats, J.;* the court found nothing erroneous and rendered judgment in favor of the defendant, from which the plaintiff appealed. *No error.*

The New Britain Trust Company brought an action of summary process against Isadore Simons, its tenant, in which the expiration by lapse of time of the lease under which the latter held, and made more than a year before the commencement of the action, was, among other things, alleged. Simons thereupon pleaded a general denial, and set up an agreement entered into in October, 1906, between the parties, Simons then being in possession as the Trust

Company's tenant, whereby it was agreed that Simons should continue to occupy said premises until March 1st, 1907, at a monthly rent of $110, and after that date he should continue to occupy said premises and store-house and barn in the rear, for the monthly rental of $133.33, until June 1st, 1910, with the proviso that in case the premises should be wanted for occupancy by the Trust Company for its own purposes during said term, Simons was to be given two months' notice. If said notice should be given to Simons within six months, the Trust Company was to pay him $300, and if given after six months and within one year, the Trust Company was to pay to him $150.

Upon the trial to a jury Simons testified to the making of a new agreement as alleged. The only writings offered in evidence were the three following letters, the first two of which antedated any tenancy:—

"New Britain, Conn., Feb. 15, 1906.
Mr. Isadore Simons,
          City.

Dear Sir: We will be able to give you a lease of the premises occupied by you on Main Street in accordance with the following terms, should you desire to accept the same. In case the store is wanted, we are to give you two months notice. In case this notice should be given to you within six months, we will pay you $300. In case the notice is given to you after six months and within one year, we will pay you $150. You are to pay $125 rent per month for the store, and if you desire the store-house and barn to be included, the rent will be $135 per month.

If you wish to consider this, please let us know at once and oblige.

Very truly yours,
          The New Britain Trust Co.,
                    By W. L. Hatch, Treas.

P. S. You can stay at $100 per month on present conditions, if you prefer."

"New Britain, Conn., Feb. 21st, 1906.
Mr. Isadore Simons,
              City.

Dear Sir: I am able to give you a lease of the store at $110 per month, with the understanding that if you are compelled to vacate within one year, we will return to you $300.   If this is satisfactory to you, please let me know and oblige.
                    Very truly yours,
                              W. L. Hatch."

"New Britain, Conn., Jan. 3, 1907.
Isadore Simons, Esq.,
              City.

Dear Sir: We wish to notify you to quit possession of the store No. 280 Main Street, City, with the basement, etc., now occupied by you on or before March 1, 1907.   We have entered into an agreement with other parties to rent the premises to them beginning on that day, and notify you thus early so that you will be caused as little inconvenience as possible and may be able to secure other quarters for yourself before that time.
                    Yours respectfully,
                        The New Britain Trust Co.,
                              By W. L. Hatch, Treas."

The Trust Company denied the existence of any other agreement than the one originally made in February, 1906, and offered evidence in support of that contention.   During his argument counsel for Simons asked the court to instruct the jury (1) that said letters, taken in connection with his client's verbal acceptance thereof made to the landlord's agent, constituted a lease of said premises until June, 1910; (2) "that in order to constitute an agreement relative to real estate under the statute of frauds, it was not necessary that there should be one memorandum containing all the terms of said agreement, but that the jury was at liberty to find said agreement from separate letters containing different propositions and their verbal acceptance thereof, provided that, by combining said letters, said agreement could be made up;" (3) "that if the jury should

find from said letters and the acceptance of the terms therein contained by Simons that there was an agreement for the leasing of said property, that the execution of a formal lease was not necessary to entitle him to the use and occupancy of said premises so long as he was in possession thereof."

The court did not charge as thus requested. This action of the court was assigned as error, as was also its instructions as to the burden of proof, and certain rulings as to the order in which certain testimony offered by the Trust Company was admitted.

It was not claimed by Simons that the summary process proceedings against him were not properly pursued if the terms of the original letting had not been superseded by others.

Other facts recited in the bill of exceptions are unnecessary to an understanding of the conclusions reached.

*Milton Bacharach*, for the appellant (plaintiff).

*John H. Kirkham* and *James E. Cooper*, for the appellee (defendant).

PRENTICE, J.   The tenant, Simons, who was the defendant in an action of summary process brought by his landlord, the New Britain Trust Company, sought to defeat the latter's recovery of possession of the leased premises, by imposing upon it the obligations of a lease for an unexpired term of years, given to Simons during his tenancy under a prior letting, which prior letting was the only one which the Trust Company recognized. Such a long term lease, or agreement therefor, made in October, 1906, he set up in his answer, and attempted to establish by evidence. The evidence submitted rested entirely in parol, excepting only three letters sent by the Trust Company to Simons. Whether these letters be read independently or construed together, there can be found in them no statement of the term of the letting proposed or referred to, and no sugges-

tion of a term extending beyond March 1st, 1907. If, therefore, it be conceded that they have reference to a transaction had or consummated at the time stated, nothing can be learned from them which supports the contention of Simons, and he is driven to parol evidence to supply the omission in the writings of a sufficient statement of the all-important matter of length of term. The requirements of the statute of frauds were therefore not satisfied. *Nichols* v. *Johnson*, 10 Conn. 192, 198; *Devine* v. *Warner*, 76 Conn. 229, 233, 56 Atl. 562. It is immaterial that Simons set up the alleged long term lease by way of defense and not as the foundation of an action. A contract upon which the legislature says that no action may be maintained cannot be used to defeat a demand otherwise legal and just. *Comes* v. *Lamson*, 16 Conn. 246, 251; *King* v. *Welcome*, 5 Gray (Mass.) 41; *Kelley* v. *Thompson*, 181 Mass. 122, 63 N. E. 332.

It is true that there is a recognized right in courts of equity to relax the strict application of the statute for the prevention of fraud. It is also generally held that part performance of an oral agreement may under proper conditions justify such relaxation. But the limits of this equitable power have been defined with care and precision. *Andrew* v. *Babcock*, 63 Conn. 109, 119, 26 Atl. 715; *Van Epps* v. *Redfield*, 69 Conn. 104, 109, 36 Atl. 1011; *Verzier* v. *Convard*, 75 Conn. 1, 6, 52 Atl. 255. The present case was one before a tribunal having no equity jurisdiction, and it presented none of the conditions which are recognized as justifying equitable relaxation. Simons was in possession as the Trust Company's tenant when the alleged new letting was agreed upon, and no subsequent conduct of either of the parties appears which in any way suggests a new arrangement. *Eaton* v. *Whitaker*, 18 Conn. 222, 230; *Andrew* v. *Babcock*, 63 Conn. 109, 122, 26 Atl. 715; *Grant* v. *Grant*, 63 Conn. 530, 539, 29 Atl. 15; *Van Epps* v. *Redfield*, 69 Conn. 104, 109, 36 Atl. 1011; *Verzier* v. *Convard*, 75 Conn. 1, 7, 52 Atl. 255.

Such being the case, the questions presented by the ap-

peal are purely academic. Whether the court's failure to charge as requested, or its charge and rulings, were or were not justified in law, the plaintiff in error could not have been harmed thereby.

There is no error.

In this opinion the other judges concurred.