### JAMES GREENE *v.* THOMAS F. SCOTT (2459)

DUPONT, C.P.J., BORDEN and DALY, Js.

Argued October 5—decision released December 11, 1984

*Phillip F. Spillane,* for the appellant (defendant).
*Nanette Bracken,* for the appellee (plaintiff).

DALY, J. This is an action by the plaintiff to recover monies paid to the defendant in anticipation of purchasing real property located in the city of Danbury. The defendant appeals[1] from the judgment of the trial court for the plaintiff allowing the recovery of a portion of the money paid for the purchase of the realty.

The trial court could readily have found the following facts: On February 17, 1979, the parties entered into a written contract for the sale of certain real estate in the city of Danbury. The contract provided for a purchase price of $35,900 with a 10 percent deposit of $3590, which was paid at the time the contract was signed. The contract provided for a closing date of March 15, 1979. It further provided that any modification would have to be in writing, and contained a default clause which stated that "all monies paid by the purchaser hereunder" would be retained as liquidated damages in the event of the purchaser's default. The plaintiff, who was the purchaser in this case, was unable to obtain a mortgage and hence was unable to close by March 15, 1979.

The plaintiff claimed that between the date of the execution of the contract and the closing date, an oral agreement was entered into whereby the defendant would convey to the plaintiff a one-half interest in the property upon payment by the plaintiff of 50 percent of the equity in the property. The defendant contended that an additional $8500 paid by the plaintiff was for an extension of time on the closing date. No interest in the property was ever transferred. The plaintiff instituted this action seeking to recover the downpayment of $3590, plus the additional $8500 which he had paid to the defendant.

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

The trial court found that there had been no valid modification of the original contract; hence, its provisions remained in effect. Thus, the defendant was entitled to retain the deposit of $3590 as liquidated damages pursuant to the terms of the agreement. Without such modification of the original contract, however, the plaintiff was entitled to the return of the $8500, paid after the original contract was terminated, on the ground of unjust enrichment.

The defendant first claims that the trial court erred in permitting the plaintiff to testify concerning an alleged oral agreement whereby the defendant was to convey a 50 percent interest in the real estate to the plaintiff on the basis that the testimony was in violation of (1) the parol evidence rule, and (2) the statute of frauds.

We consider the parol evidence argument first. The parol evidence rule is a rule of substantive law which provides that "[w]hen two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing." 3 Corbin, Contracts § 573. "It is, however, well settled that the parol evidence rule does not have any application to subsequent agreements." Calamari & Perillo, Contracts (2d Ed.) § 3-6. The contract in question specifically indicates that the agreement constituted the entire agreement[2] between

---

[2] Paragraph two of the contract provides in part as follows: "This contract constitutes the entire agreement between the parties and may not be changed except by a contract in writing signed by the party or parties against whom enforcement of any waiver, change, modification, extension, estoppel, or discharge is sought."

the parties, and the oral agreement alleged was subsequent to the execution of this agreement. In this instance, therefore, the parol evidence rule is inapposite.

We now consider the statute of frauds argument. If an agreement falls within the statute of frauds; General Statutes § 52-550; there are certain conditions which must be met before oral testimony will be allowed as to the agreement. There must be preliminary proof establishing that there was some agreement in pursuance of which the plaintiff has acted in part performance before the court will accept oral testimony as to what the nature and terms of that agreement were. *Verzier* v. *Convard,* 75 Conn. 1, 7, 52 A. 255 (1902). This preliminary evidence generally is that of conduct. Id. "Under the rule well established by the authorities, it must appear that these acts are of such a character that they can be reasonably and naturally accounted for in no other way than that they were performed in pursuance of a contract between the parties, and though they cannot indicate all the terms of the agreement, they must be in conformity with its provisions. *Van Epps* v. *Redfield,* 69 Conn. 104, 110, 36 Atl. 1011 [1897]; *Verzier* v. *Convard,* 75 Conn. 1, 7, 52 Atl. 255 [1902], and cases cited." *Santoro* v. *Mack,* 108 Conn. 683, 691, 145 A. 273 (1929). "Whenever acts of part performance are made out which thus point to a contract, the door is opened, and the plaintiff may introduce additional parol evidence directed immediately to the terms of the contract relied upon . . . ." *Andrews* v. *Babcock,* 63 Conn. 109, 122, 26 A. 715 (1893).

In this case, it is illogical to assume that the plaintiff would have paid an additional $8500 to the defendant to extend the contract when he could not obtain financing to complete the original contract. Hence, the statute of frauds objection has been overcome and the evidence was properly admitted.

The defendant next claims that the trial court erred in holding that the defendant's agreement to extend the closing date was not a valid modification of the real estate contract. The defendant's contention that the $8500 was paid to extend the closing date and not for the purchase of a 50 percent interest in the realty poses a question of fact for the trier to decide. The trial court heard testimony from both the defendant and the plaintiff on this issue. It is axiomatic that it is in the province of the trial court to assess the credibility of witnesses. *State* v. *DeForge,* 194 Conn. 392, 398, 480 A.2d 547 (1984); *Damora* v. *Christ-Janer,* 184 Conn. 109, 112–13, 441 A.2d 61 (1981). Holden & Daly, Connecticut Evidence (Sup. 1983) § 125 (a), pp. 449–50. The trier is privileged to adopt whatever testimony it reasonably believes to be credible. *Klein* v. *Chatfield,* 166 Conn. 76, 80, 347 A.2d 58 (1974).

From reading the memorandum of decision, it appears that the trial court did not resolve this factual dispute in favor of either party, apparently not finding either witness sufficiently credible. The trial court concluded only that there was no valid modification of the real estate sales contract. It was not necessary to make a finding beyond this. We will not reverse the decision of the trial court unless it is clearly erroneous in light of the evidence and the pleadings in the record as a whole. Practice Book § 3060D; *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980).

The defendant further claims that the trial court erred in ruling that the defendant's damages for breach were limited to the initial 10 percent deposit pursuant to the liquidated damages clause in the contract. Since the trial court found that the contract terminated on March 15, 1979, due to the plaintiff's failure to comply with its conditions, it properly awarded the defendant the 10 percent down payment of $3590 as liquidated

damages in accordance with the contract terms; amounts paid after termination of the contract were not paid under the contract and were not covered by the agreement's liquidated damages provision. A party may provide for the retention of a deposit as liquidated damages for the purchaser's failure to perform. *Litton Industries Credit Corporation* v. *Catanuto,* 175 Conn. 69, 75, 394 A.2d 191 (1978); *Frank Towers Corporation* v. *Laviana,* 140 Conn. 45, 53–54, 97 A.2d 567 (1953).

The defendant's final contention is that the trial court erred in ruling that the defendant had been unjustly enriched to the extent that he had received monies over and above the initial 10 percent deposit. The trial court concluded that because no valid modification of the sales agreement occurred, the plaintiff was entitled to the amount he paid to the defendant after March 15, 1979, i.e., $8500. "The purchaser's right to recover in restitution requires the purchaser to establish that the seller has been unjustly enriched." *Vines* v. *Orchard Hills, Inc.,* 181 Conn. 501, 510, 435 A.2d 1022 (1980). "[A] purchaser whose breach is not willful has a restitutionary claim to recover moneys paid that unjustly enrich his seller." Id., 509; see *Montanaro Bros. Builders, Inc.* v. *Snow,* 190 Conn. 481, 460 A.2d 1297 (1983).

Here, the defendant retained, in addition to the liquidated damages of $3590 as spelled out in the contract, the amount of $8500. We see no reason to disturb the trial court's conclusion that the defendant, as a seller, has been unjustly enriched to the extent he received monies over and above the liquidated damages provided in the written contract.

There is no error.

In this opinion the other judges concurred.