**In re RBS INDUSTRIES, INC., d/b/a Milford Rivet & Machine Company, Modform, Interlock, Gary Screw & Bolt, Modulus, Debtor.**

Bankruptcy No. 5–86–00345.

United States Bankruptcy Court,
D. Connecticut.

June 26, 1990.

See also, Bkrtcy., 104 B.R. 579, 115 B.R. 419.

William F. Savino, Damon & Morey, Buffalo, N.Y., for Robert W. Raddatz, Plan Facilitator.

Andrew M. DiPietro, Jr., DiPietro, Kantrovitz & Brownstein, P.C., New Haven, Conn., for General Unsecured Creditors' Committee.

Paul E. Knag, Cummings & Lockwood, Stamford, Conn., for Raymark Industries, Inc., Raymark Corp., and Raymark Formed Product Co.

Jonathon M. Yarger, Kohrman, Jackson & Krantz, Cleveland, Ohio, for Jaclind Group, Inc., Milford Acquisition Co., and MRMC, Inc.

Maximino Medina, Zeldes, Needle & Cooper, Bridgeport, Conn., for Jaclind Group,

**418**

Inc., Milford Acquisition Co., and MRMC, Inc.

## MEMORANDUM AND ORDER ON PAROL EVIDENCE RULE

ALAN H.W. SHIFF, Bankruptcy Judge.

 Familiarity with this court's *Memorandum and Order on Objections to Claims,* dated June 26, 1990, is assumed. Robert W. Raddatz, the plan facilitator, and the general unsecured creditors' committee object to MRMC's offer of testimony as to the meaning of certain provisions of the confirmed Fourth Amended Joint Plan of Reorganization (the "Plan"). They argue that the relevant provisions of the Plan, *i.e.* the provisions which govern the treatment of the Raymark counterclaim, are unambiguous, so that the parol evidence rule prevents the introduction of extrinsic evidence to aid in the interpretation of those provisions.[1]

The parol evidence rule is generally stated as follows:

When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parole or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing.

*Garza v. Marine Transport Lines, Inc. v. Norfolk Shipbuilding & Drydock Corp.,* 861 F.2d 23, 26 (2d Cir.1988) (quoting 3 A. Corbin, *Contracts* § 573, at 357 (1960)). *See also Greene v. Scott,* 484 A.2d 474, 476 (Conn.App.1984). The rule aims to ensure a measure of stability in commercial relations by avoiding the fraud which might result if testimony on subjective intent could be substituted for the plain meaning of a written agreement. *Garza, supra,* 861 F.2d at 26. As the court in *Garza* stated, "[i]n the absence of ambiguity, the effect of admitting extrinsic evidence would be to allow one party 'to substitute

his view of his obligations for those clearly stated.'" *Id.* at 26–27 (quoting *Eskimo Pie Corp. v. Whitelawn Dairies, Inc.,* 284 F.Supp. 987, 994 (S.D.N.Y.1968)).

 When the provisions of a written agreement are ambiguous, the parol evidence rule does not prevent the admission of evidence for the purpose of interpreting that agreement. *Id.* at 27; *Jay Realty, Inc. v. Ahearn Development Corp.,* 189 Conn. 52, 56, 453 A.2d 771 (1983). The court in *Garza* stated that a "word or phrase is ambiguous when it is capable of more than a single meaning 'when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.'" *Garza, supra,* 861 F.2d at 27 (quoting *Walk–In Medical Centers, Inc. v. Breuer Capital Corp.,* 818 F.2d 260, 263 (2d Cir.1987)). A writing which includes facially incompatible terms is necessarily ambiguous, and parol evidence is admissible to determine the parties' intent at the time of agreement. *See McKeown Distributors, Inc. v. Gyp–Crete Corp.,* 618 F.Supp. 632, 641 (D.Conn.1985).

Paragraphs 1.50 and 1.67 of the Plan are in direct conflict with ¶ 3.5 of the Plan. Thus, the treatment of the Raymark counterclaim under the Plan is ambiguous and evidence beyond the Plan is admissible for the purpose of determining the intent of the parties.

For the foregoing reasons, Raddatz's and the unsecured creditors' committee's objections are OVERRULED, and IT IS SO ORDERED.

---

1. The parol evidence rule is a substantive rule of contract law, *Garza v. Marine Transport Lines, Inc. v. Norfolk Shipbuilding & Drydock Corp.,* 861 F.2d 23, 26 (2d Cir.1988), and general contract principles govern the interpretation of plans of reorganization. *In re L & V Realty Corp.,* 76 B.R. 35, 37 (Bankr.E.D.N.Y.1987).