[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This, is a foreclosure action in which, the, plaintiff seeks to foreclose a mortgage executed by defendant Quarry Trail Development Corp. ("Quarry Trail") and guaranteed by. defendants Alan J. Frausisi, William P. Frausini and Howard C. Smith ("quarantors").
The complaint makes the following allegations. By promissory note dated July 29, 1987, Quarry Trail promised to pay to the order of the plaintiff the sum of $600,000.00 payable with interest thereon as provided in the note. By deed dated July 29, 1987, Quarry Trail mortgaged to the plaintiff three tracts of land situated in the Town of Waterford to secure the note. A Guaranty Agreement was executed by the guarantors on July 29, 1987. The mortgage is conditioned upon payment of the note according to its tenor and the performance of certain covenants and conditions contained therein. The plaintiff is the holder of the note and owner of the mortgage, Quarry Trail is in default and the entire amount of principal and interest due under the note has become due and payable.
Quarry Trail and defendant Howard C. Smith ("Smith") each filed an answer, special defenses and counterclaim. The special defenses of each allege breach of agreement to lend money and breach of the covenant of good faith and fair dealing.
Quarry Trail and Smith make the following allegations as the basis for these defenses. On July 29, 1987, the parties closed the subject loan transaction, executing, among other documents, a Commercial Construction Loan Agreement. Pursuant to this agreement, the plaintiff promised to lend the defendants the sum of $600,000.00 to purchase a parcel of land known as 12 and 18 Fog Plain Road, Waterford, for development as a residential subdivision. The agreement set forth the fact that subdivision approval had not been obtained at the time of the closing. When the Town of Waterford subsequently refused the defendants' application for subdivision of the subject parcel, the defendants so informed CT Page 5133 the plaintiff through its agent, Stephen O. McGuire. Subsequently, with the knowledge and approval of the plaintiff, the defendants revised the plans for development to provide for the construction of multifamily housing units and the formation of common land to be conveyed to the association of residents of the housing units. In reliance on the plaintiff's promise to provide funds according to the revised plans, the defendants submitted the revised plans to the Town of Waterford, which approved the plans. The plaintiff subsequently refused to provide funds for further development of the subject parcel.
The above allegations provide the basis for the counterclaim filed by Quarry Trail and Smith, which alleges breach of agreement to lend money, breach of obligation of good faith and fair dealing, misrepresentation, violation of the Connecticut Unfair Trade Practice Act, General Statutes Section 42-110 et. seq. ("CUTPA"), based on the breach of agreement to lend money, violation of CUTPA based on the breach of obligation of good faith and fair dealing and violation of CUTPA based on the plaintiff's misrepresentations.
On May 17, 1991, the plaintiff filed its second amended response to the special defenses of Quarry Trail and Smith and a second amended answer to the counterclaim of Quarry Trail and Smith. The plaintiff also filed special defenses to the counterclaims of Quarry Trail and Smith and Quarry Trail and Smith filed responses to the plaintiff's special defenses.
On July 18, 1991 defendants William Frausini and Alan Frausini ("Frausinis") filed their answer, special defenses and counterclaims to the plaintiff's complaint. The special defenses and counterclaims are essentially the same as, that of Quarry Trail and Smith. The file contains no reply by the plaintiff to the special defenses of the Frausinis. It also does not contain an answer to their counterclaims.
The plaintiff has filed a motion for summary judgment dismissing the special defenses and counterclaims of Quarry Trail, Smith and the, Frausinis and for a judgment of strict foreclosure.
I. Summary Judgment as to Frausinis
"Summary judgment is a method of resolving litigation when pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any matter of fact and that the moving party is entitled to judgment as a CT Page 5134 matter of law." Wilson v. New Haven, 213 Conn. 277, 279
(1989). "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." Burns v. Hartford Hospital, 192 Conn. 451,455 (1984).
"A motion for summary judgment may be filed by any party at any time. . .after the pleadings are closed as between the parties to the motion. Practice Book Section 379." Esposito v. Wethered, 4 Conn. App. 641, 644 (1985). "When a defendant raises a special defense, the plaintiff's reply to the special defense closes the pleadings. Practice Book Section 112." Griggs v. BG Land, Inc., 24 Conn. App. 610, 612
(1991). It is improper to grant a motion for summary judgment prior to the pleadings being closed. Id.
Although the plaintiff certifies in its claim for trial list that the pleadings have been closed as to all parties, the file contains no reply by the plaintiff to the special defenses of the Frausinis. Since the pleadings are not closed as between the plaintiff and the Frausinis, the plaintiff's motion for summary judgment may not be granted as to the Frausinis.
II. Summary Judgment as to Quarry Trail and Smith
A. Contract Concerning an Interest in Land
The plaintiff first argues that the special defenses and first and second counterclaims of Quarry Trail and Smith are barred by the Connecticut Statute of Frauds, General Statutes Section 52-550 (a), which provides in pertinent part:
 No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged:. . .(4) upon any agreement for the sale of real property or any interest in or concerning real property.
According to the plaintiff, the loan documents do not support the contention of Quarry Trail and Smith that the $600,000.00 loan was a revolving line of credit. Furthermore, the plaintiff argues that the allegations of Quarry Trail and Smith are not sufficient to constitute the memorandum required by the statute, as neither the terms of the mortgage nor the amount to be loaned for the construction of multi-family CT Page 5135 houses was agreed upon. According to Quarry Trail and Smith it is not their claim that the plaintiff breached an oral agreement to make a second loan in addition to the subject loan. Rather, Quarry Trail and Smith argue that the proceeds of the subject construction loan would have been sufficient to build the revised, multi-family project. Therefore, they argue, the statute of frauds does not bar the counterclaims and special defenses.
The statute of frauds requires all of the essential terms of a contract for the sale of realty to be in writing. See Breen v. Phelps, 186 Conn. 86, 93 (1982). A mortgage is subject to the statute of frauds. See 72 Am.Jur.2d Statute of Frauds, Section 83.
In Lynch v. Davis, 181 Conn. 434, 439 (1980), the Supreme Court stated:
 (I)t is sufficient if the memorandum, with reasonable certainty, furnishes reliable evidence that the parties have come to a complete agreement. A memorandum is insufficient if it fails to specify the terms of payment of any part of the purchase price;. . .or lacks other essential terms concerning performance contemplated by the contract.
In the earlier case of Malkan v. Hemming, 82 Conn. 293,296 (1909), the Supreme Court said:
 If the original contract was modified and changed by a subsequent agreement, the contract as changed became a new contract. . . .The original contract, being for the sale of real estate, was within the statute of frauds, . . .The modified contract, as alleged and attempted to be proved, was equally within the statute.
The alleged oral modification, which would make the loan agreement a line of credit, falls within the statute of frauds. However, the question remains as to whether partial performance by the defendants removes this case from the statute.
Acts on the part of the promisee may be sufficient to take a contract out of the statute if they are such as clearly refer to some contract in relation to the matter in dispute. Ubysz v. DiPietro, 185 Conn. 47, 54 (1981). The CT Page 5136 making of improvements has special significance as an act of part performance. Breen v. Phelps, supra, 95.
In Green v. Scott, 3 Conn. App. 34, 37 (1984), the Appellate Court said:
 If an agreement falls within the statute of frauds; General Statutes Section 52-550; there are certain conditions which must be met before oral testimony will be allowed as to the agreement. There must be preliminary proof establishing that there was some agreement in pursuance of which the plaintiff has acted in part performance before the court will accept oral testimony as to what the nature and terms of that agreement were. Verzier v. Convard, 75 Conn. 1, 7, 52 A. 255 (1902). This preliminary evidence generally is that of conduct. Id. "Under the rule well established by the authorities, it must appear that these acts are of such a character that they can be reasonably and naturally accounted for in no other way than that they were performed in pursuance of a contract between the parties, and though they cannot indicate all the terms of the agreement, they must be in conformity with its provisions. . . . "Whenever acts of part performance are made out which thus point to a contract, the door is opened, and the plaintiff may introduce additional parol evidence directed immediately to the terms of the contract relied upon. . . ." Andrews v. Babcock, 63 Conn. 109, 122, 26 A. 715
(1893).
In an affidavit filed with the court, Smith states the following with reference to the issue of partial performance:
 19. At Stephen O. McGuire's request, we also obtained an appraisal from Keith R. Charette of value of the proposed multifamily structures and the existing house; the purpose of the appraisal was to, determine that sufficient funds would be received from the future conveyances to allow construction of the proposed project CT Page 5137 in sequential steps without the heed to seek additional financing (Exhibit H attached hereto; affidavit of Keith R. Charette). . . .
 23. In order to obtain partial releases of the two parcels, Quarry Trail Development Corp. paid approximately $136,300.00 to the plaintiff, upon the agreement that such funds would be disbursed to pay for construction of the two-family unit in the multifamily subdivision. . . .
 26. In addition, all of the engineering, surveying, appraisal and utility connection invoices submitted to the plaintiff indicate that the underlying work was done for a multifamily, cluster subdivision (Plaintiff's Exhibits H through O).
The plaintiff argues that part performance has no relevance to this matter as Quarry Trail and Smith have not alleged, any performance which would support reliance on the modification. However, an issue of facts exists as to whether there has been partial performance sufficient to, take the contract out of the statute of frauds. Therefore, summary judgment may not be granted on this basis.
Furthermore, the plaintiff's additional argument that the alleged oral modification violates the parol evidence rule is unavailing, since, the parol evidence rule does not have any application to subsequent agreements. See Green v. Scott, supra, 36.
B. Oral Contract to Loan in Express of $50,000.00
The plaintiff argues that, pursuant to General Statutes Section 52-550 (a)(6), an oral agreement to lend more than $50,000.00 is unenforceable. The present dispute, however, involves the question of whether the parties agreed to treat the original $600,000.00 loan as line of credit. As such, the $50,000.00 limit of Section 52-550 (a)(6) has been satisfied by the original loan document which is in writing.
C. Misrepresentation
According to the plaintiff, the third counterclaim of Quarry Trail and Smith alleging misrepresentation is also barred by the statute of frauds and, in any event, does not CT Page 5138 allege reliance upon any misrepresentation.
As to the statute of frauds claim, the preceding analysis regarding the applicability of the statute of frauds and the doctrine of partial performance applies and summary judgment may not be granted on that ground.
Under common law, a person claiming to be a victim of fraud or misrepresentation must prove that a false representation was made as a statement or fact; that it was untrue and was known to be untrue by the party making it; that it was made to induce the other party to act on it, and he did so to his injury. Web Press Services Corporation v. New London Motors, Inc., 203 Conn. 342, 362 (1987).
Quarry Trail and Smith have alleged reliance in their counterclaim. (See paragraph 7 of the first special defense of Quarry Trail and Smith, which is incorporated into the third counterclaim: "The plaintiff promised to provide funds for developing the subject parcel according to the revised plans and in reliance on said promise, the defendants submitted the revised plans to the Tow (sic) of Waterford, which approved the revised plans on or about September 12, 1988."; see also, affidavit of Smith, paragraph 28: "My partners and I relied upon the assurance of Stephen O. McGuire that the plaintiff would treat the $600,000.00 loan as a line of credit to fund the construction of the multifamily projects. . .")
Furthermore, the issue of whether Quarry Trail and Smith relied on the misrepresentations of the plaintiff presents a question of fact; see Paull v. Coughlin,39 Conn. Sup. 467, 468 (1983); and may not, therefore, be resolved on a motion for summary judgment.
D. CUTPA
The plaintiff argues that its motion for summary judgment should be granted as to defendants' counterclaims based on CUTPA.
1. Applicability to Banks
As an initial matter, the issue of whether CUTPA applies to banks has not been addressed by a Connecticut appellate court. See Gaynor v. Union Trust Co., 216 Conn. 458,482 (1990). However, the majority of Superior Court decisions have held that CUTPA is applicable to banks. See e.g., Eylward v. Bank of Boston Connecticut, 6 CSCR 783 (September 9, 1991, Burns, J.); Economic Development v. Citytrust, 3 CTLR 403 CT Page 5139 (April 15, 1991, Dranginis, J.).
Furthermore, CUTPA has been held to be a valid defense to a foreclosure action. See Hans L. Levi, Inc. v. Kovacs, 5 CTLR 260 (December 16, 1991, Pickett, J.).
2. Statute of Frauds
The plaintiff argues that the oral agreements alleged by the defendants are barred by the statute of frauds.
The preceding analysis regarding the applicability of the statute of frauds and the doctrine of partial performance applies and summary judgment may not be granted on that basis.
3. Single Breach of Contract
According to the plaintiff, a single breach of contract does not amount to a CUTPA violation.
In determining whether the practice in question violates CUTPA, courts employ the criteria set forth in Sanghavi v. Paul Revere Life Ins. Co., 214 Conn. 303, 311-12
(1990), as follows:
 (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by the statutes, the common law, or otherwise whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . .
All three criteria need not be satisfied to support a finding of unfairness and a practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser degree it meets all three. Atlantic Richfield Co. v Canaan Oil Co., 202 Conn. 234, 242 (1987).
A CUTPA violation has been found based on a single transaction. See Lafayette Bank and Trust Co. v. Jarvis, 5 CTLR 49 (October 14, 1991, Spear, J.) (breach of forebearance agreement); Jamison v. Artinian, 4 CSCR 387 (June 5, 1989, Hendel, J.) (singular sale of real-estate by person not CT Page 5140 engaged in the business of selling real estate); Ransom v. Amerlink 3 CTLR 382 (April 8, 1991, Dranginis, J.) (failure to return security deposit); Judge v. Housemaster of America,2 CSCR 421 (May 5, 1987, Gill, J.) (singular act of issuing deceptive insurance policy).
Therefore, the plaintiff's motion for summary judgment may not be granted on this ground.
III. Conclusion
For the foregoing reasons, the plaintiff's motion for summary judgment is denied.
HENDEL, JUDGE