[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a habeas action in which the petitioner, Michael Hampden, asserts that his confinement is illegal on the basis that he was denied the effective assistance of competent counsel at his criminal trial. Based on the evidence adduced at the hearing on the petition, the court makes the following findings:
Following his conviction by jury trial of the offense of possession of cocaine with the intent to sell, and a finding that he was in violation of probation, the petitioner was sentenced on August 24, 1992 to an effective term of eighteen years suspended after serving fifteen years. At trial, the petitioner was represented by special public defender John Nazzaro of New London.
The petitioner claims that Attorney Nazzaro failed to properly investigate a potential witness, Lindley Blue, whose testimony at trial, the petitioner claims, would have been exculpatory. The petitioner asserts that Attorney Nazzaro's failure to investigate and to call Lindley Blue as a witness constituted the ineffective assistance of counsel.
To succeed in his claim of ineffective assistance of counsel, the petitioner must show that his attorney's performance was not "reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law."State v. Clark, 170 Conn. 273, 283, cert. denied, 425 U.S. 962,96 S.Ct. 1748, 48 L.Ed.2d 208 (1976). The petitioner must also demonstrate that this lack of competency contributed to his conviction. State v. Clark, supra; Levine v. Manson,195 Conn. 636, 639, (1985); Summerville v. Warden, 29 Conn. App. 162
(1992). Connecticut has adopted a two-pronged test for ineffectiveness of counsel which requires a conclusive showing that (1) the attorney's performance was so deficient that efforts made by counsel were so egregious that the attorney was not functioning as counsel, and (2) there exists a reasonable CT Page 13271 probability that, but for counsel's professional efforts, the result of the proceeding would have been different. Strickland v.Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),Johnson v. Commissioner, 218 Conn. 403, 424 (1991). "A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice."Nardini v. Manson, 207 Conn. 118, 124 (1988), cited in Pelletierv. Warden, 3 Conn. App. 38, (1993).
At the habeas hearing the petitioner testified that on August 7, 1991 he was standing close to the intersection of Blackhall Street and Blackhall Court in New London, Connecticut at approximately 10:15 pm, having just finished using a public telephone located at the corner of Truman and Blackhall Streets. He claimed that he heard a loud commotion behind him, saw two men running behind him, one chasing the other with gun in hand. The petitioner testified that he was arrested by a police officer and taken to the New London Police Station where he was booked and incarcerated. The petitioner claims that it was not until he was later transferred to the Community Correctional Facility in Montville that he learned that he was being charged with being in concert with Lindley Blue in sale of cocaine. The petitioner testified that he did not know Lindley Blue at the time of his arrest. On cross examination, however, he acknowledged that he had known Lindley Blue's brother Ian Blue at the time of his arrest and that he had been arrested for a drug offense with Ian Blue on Blackhall Street in New London in 1990. Additionally, he acknowledged that when he was arrested in 1990 he initially told the police that he was Michael Blue. Since his incarceration for this offense the petitioner has spend some periods of time in the same correctional facility with Lindley Blue. While the two are not presently incarcerated in the same facility, the petitioner saw and spoke with Lindley Blue several weeks ago when the two were together in conjunction with a soccer game at one of the correctional facilities.
Also testifying at the habeas hearing was Lindley Blue, an inmate who is presently serving the sentence he received following his guilty plea to the charge of possession of cocaine with intent to sell. This conviction arose from events which took place in New London on August 7, 1991 and for which Mr. Blue and the petitioner were both arrested. While Mr. Blue admitted his involvement in the offense he claimed that the petitioner was not in concert with him. Blue testified that he did not know the CT Page 13272 petitioner as of the date of his August 1991 arrest and that he would have testified at the petitioner's trial that he did not then know the petitioner. He also testified at the habeas hearing that he would have testified at the petitioner's trial that he had acted alone and not in concert with the petitioner in the drug activity for which both were arrested in August of 1991.
Attorney John Nazzaro was appointed as a special public defender to represent the petitioner in January of 1992. At the time he had substantial criminal law experience, having clerked with the Chief State's Attorney in 1982 and later serving as an Assistant State's Attorney in New London where, among his duties, he was detailed to work with a Narcotics Task Force as a field advisor. Attorney Nazzaro also served for a period of time as a Special Assistant United State's Attorney dealing with cases involving gambling and corruption. In 1986, he left government employment for private practice. Though his practice has included criminal defense work, his current practice is devoted exclusively to civil litigation.
During the course of his representation of the petitioner, Attorney Nazzaro met with the petitioner as well as with his father, an attorney with a criminal law practice in New York City, New York. He visited the crime scene and reviewed information made available to him from the State's Attorney's file. Though he attempted to contact some individuals suggested to him as witnesses by the petitioner, he neither met with nor spoke with Lindley Blue.
It was Attorney Nazzaro's impression, based on conversations with the petitioner's father that there was a relationship between the petitioner and Lindley Blue. Additionally, Attorney Nazzaro was aware at the time of his representation of the petitioner that he had been previously arrested with Ian Blue, Lindley Blue's brother, at a home close to the intersection where the petitioner was arrested for the subject offense, and that during that earlier arrest the petitioner had falsely told the police that his name was Michael Blue. From his review of the State's Attorney's file, Mr. Nazzaro was also aware that officers of the New London police department were prepared to testify that they had seen Lindley Blue and the petitioner in each other's company and in conversation with one another on occasions prior to the evening of their arrest. Mr. Nazzaro was aware that the New London police were familiar with the petitioner from prior dealings with him and he was aware that the locale in which the CT Page 13273 petitioner was arrested was known by the police to be a drug-crime area. Finally, Attorney Nazzaro was aware that while no drugs were found in the possession of the petitioner approximately three hundred ($300.00) dollars had been found on his person while only forty five ($45.00) dollars had been found on the person of Lindley Blue who had admitted being engaged in the sale of cocaine during the evening in question. While the petitioner's father had told Mr. Nazzaro that he had advanced funds to his sons for schooling and living expenses, Attorney Nazzaro believed, from his own professional experiences, that the presence of this relatively large sum of money on the petitioner's person with little found on Mr. Blue's person would tend to inculpate his client in drug activity with Mr. Blue.
Attorney Nazzaro testified that his strategy in the trial of the petitioner's case was to defend on the basis of reasonable doubt. He acknowledged that he neither spoke with Lindley Blue nor called him as a witness. He testified that he spoke with Mr. Blue's attorney who intimated that it would not be helpful to the defense of Hampden for counsel to speak with Lindley. Additionally he testified to his belief that if Lindley testified that he had not known Hampden on the evening of their arrest the patent lack of credulity of that testimony would eliminate any prospects for an acquittal on the basis of reasonable doubt. Rather, Attorney Nazzaro believed, he wished to establish reasonable doubt by emphasizing the police officers' lack of clear view, and absence of any concrete evidence of consort between Mr. Blue and the petitioner on the evening of their arrests. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Summerville v. Warden, 29 Conn. App. 162 (1992).
In this case, the court finds no fault in Attorney Nazzaro's decision not to pursue Lindley Blue. Nor does this court find, after hearing from both the petitioner and Mr. Blue, any error in Mr. Nazzaro's judgment that the proffer of testimony from Mr. Blue that he did not know the petitioner at the time of the offense would destroy any credibility to a defense based on CT Page 13274 reasonable doubt. The petitioner has failed to prove that Mr. Nazzaro's representation was ineffective.
The court also notes that the petitioner has failed to prove, by any measure of evidence, that he was prejudiced by Mr. Nazzaro's decision not to further investigate or to call Mr. Blue to testify at his trial. The court will not infer prejudice. To the contrary, having had the opportunity to observe and hear from Mr. Blue at the habeas hearing, the court does not hold the view that his testimony, if heard by a jury in the petitioner's criminal trial, would have had any beneficial impact on the petitioner's prospects for acquittal.
For the foregoing reasons, the petition is dismissed.
Bishop, J.