[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT (#117)
On July 25, 1990, the plaintiffs, Philip and Lucille Smith, filed a complaint in which they alleged that on June 17, 1983, they purchased one hundred ten (110) acres of land in Newbury, Vermont, from, inter alia, Herbert Gray. As partial consideration for the purchase of this land, Mr. Gray granted the Smiths a right of first refusal to purchase an additional parcel of land consisting of 1.18 acres. On September 19, 1989, Mr. Gray attempted to convey the 1.18 acres, and the plaintiffs filed a lawsuit against Mr. Gray, et al, seeking a court order conveying the 1.18 acres of land to them pursuant to their right of first refusal. On May 8, 1990, a stipulation was filed by the parties to the lawsuit Smith v. Gray, giving the plaintiffs until June 7, 1990, to buy the 1.18 acres of land for twenty-five-thousand dollars ($25,000.00) pursuant to their right of first refusal. Mr. Smith contacted the defendant, Keystone Mortgage Services Corp. ("Keystone") by telephone to secure financing in the amount of thirty-three thousand dollars ($33,000.00) The plaintiff alleges that his telephone application for a mortgage was taken and accepted by an agent of the defendant. However, on June 5, 1990, the plaintiff was informed, through Robert A. Gensburg, Esq., his Vermont attorney, that the defendant had denied the plaintiff's mortgage application on the ground that the defendant CT Page 10876 is not licensed to loan money in the State of Vermont. The plaintiffs assert that the defendant acted negligently in accepting the plaintiff's mortgage application prior to determining whether it had the authority to loan money in Vermont. The plaintiffs further allege, inter alia, that they justifiably relied upon the defendant's acceptance of their application and, as a result of the defendant's alleged negligence, the plaintiffs were unable to timely procure financing to buy the option parcel which was the subject of the plaintiffs' right of first refusal and, consequently, all rights which the plaintiffs held pursuant to the right of first refusal, were forfeited.
On March 28, 1991, the defendant filed an answer to the complaint. The defendant also filed two special defenses, the first of which states that the plaintiffs' causes of action are barred by the Statute of Frauds. The second special defense alleges that the plaintiffs' respective counts fail to state a proper cause of action. On April 17, 1991, the plaintiffs filed a general denial in response to the special defenses. On November 13, 1991, the defendant filed a motion for summary judgment on the ground that the plaintiffs cannot prevail on their claims because they are barred by the Connecticut Statute of Frauds as well as principals of basic contract law. On December 10, 1991, the plaintiffs filed a memorandum in opposition to the motion for summary judgment.
Summary judgment is provided for in Practice Book Sections 378- 384, and is a means of eliminating the "delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1980). Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990) (quoting Practice Book Section 384). Additionally, the trial court, in ruling on a motion for summary judgment, must "view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116
(1990).
In its memorandum in support of its motion for summary judgment, the defendant claims that the plaintiffs' complaint is predicated upon the defendant's alleged oral promise to provide a mortgage loan of property located in Vermont. The defendant contends that a promise to provide financing for the purchase of real estate subject to a mortgage involves an interest in or concerning real property and, as such, Connecticut General Statutes Section 52-550 applies and, consequently, bars this CT Page 10877 action.
The plaintiffs, in opposing the motion for summary judgment, claim that there exists a genuine issue as to the terms and conditions of the loan between the parties. The plaintiffs further claim that the defendants are estopped from setting up the Statute of Frauds as a defense and that, therefore, the defendant's motion for summary judgment should be denied.
The Connecticut Statute of Frauds, codified at General Statutes Section 52-550, provides, in pertinent part, that:
 (a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party to be charged: (4) upon any agreement for the sale of real property or any interest in or concerning real property . . . .
Id.
The Statute of Frauds may properly be raised in a motion for summary judgment. Fox v. Hoaan, 2 CTLR 325 (October 8, 1990, Maloney, J.) Acts on the part of a promisee may be sufficient to take an oral contract out of the Statute of Frauds. Ubysz v. DiPietro, 185 Conn. 47, 54, 440 A.2d 830 (1981). As an essential element, "[t]he doctrine of part performance requires . . . conduct that is `referable to and consistent with [an] oral agreement [between the parties].'" Dunham v. Dunham, 204 Conn. 303,314, 528 A.2d 1123 (1987) (citation omitted). The doctrine also requires the court to find that the party seeking enforcement of the agreement: (1) reasonably and substantially relied on the contract; and (2) so changed his position so that injustice can be avoided only by specific enforcement of the agreement. Id. at 315. When the Statute of Frauds is claimed, "the doctrine of estoppel may be applied to prevent the use of that statute to accomplish a fraud." DeLuca v. C.W. Blakeslee Sons. Inc., 174 Conn. 535, 544, 391 A.2d 170 (1978). See also County Fire Door Corp. v. C.F. Wooding Co., 202 Conn. 277, 281
n. 2, 520 A.2d 1028 (1987). Any claim of estoppel "`is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury.'" O'Sullivan v. Bergenty, 214 Conn. 641, 648,573 A.2d 729 (1990) (citations omitted).
A promise to provide financing for the purchase of real estate subject to a mortgage involves an "interest in or concerning real CT Page 10878 property" pursuant to General Statutes Section 52-550, supra. Consequently, the issue to be determined is whether or not the defendants are estopped from setting up the Statute of Frauds as a defense. In counts three and four of their complaint, the plaintiffs assert, inter alia, that they justifiably relied, to their detriment, on the defendant's representation that the mortgage loan had been approved. This reliance included not seeking financing elsewhere.
The plaintiffs have attached to their memorandum in opposition to the motion for summary judgment the affidavit of Attorney Gensburg. Mr. Gensburg states that, as the plaintiffs' agent, he spoke with Adam Bendett, a representative of the defendant, on June 4, 1990. Mr. Gensburg further states that, during this conversation, he was informed that the defendant had agreed to lend Mr. Smith $34,000.00. Mr. Gensburg continues, recounting in his affidavit the terms of this contract. Mr. Gensburg further contends that Mr. Bendett requested that Mr. Gensburg, inter alia, prepare a mortgage deed and title insurance policy.
The defendant offers the affidavit of Mr. Todd Kaufman, Manager of the defendant. Mr. Kaufman states that he has found no records pertaining to a mortgage inquiry or application from the plaintiffs, and that the defendant does not, in its regular course of business, set up a file unless a formal mortgage application is made.
If an agreement falls within the Statute of Frauds, there are certain conditions which must be met before oral testimony will be allowed as to the agreement.
 There must be preliminary proof establishing that there was some agreement in pursuance of which the plaintiff has acted in part performance before the court will accept oral testimony as to what the nature and terms of that agreement were . . . This preliminary evidence generally is that of conduct . . . `Under the rule well established by the authorities, it must appear that these acts are of such a character that they can be reasonably and naturally accounted for in no other way than that they were performed in pursuance of a contract between the parties, and though they cannot indicate all the terms of the agreement, they must be in conformity with its provisions' . . . `Whenever acts of part performance are made out which thus point to a contract, the door is opened, and the plaintiff may introduce additional parol evidence directed immediately to the terms of the contract relied upon . . . .'
Greene v. Scott, 3 Conn. App. 34, 37, 484 A.2d 474 (1984) CT Page 10879 (citations omitted).
The question before this court, then, is whether the plaintiffs' action, or inaction, in not seeking financing elsewhere, is sufficient to constitute partial performance such that this matter is taken out of the Statute of Frauds. The failure of the plaintiffs to seek financing elsewhere, can be accounted for in no other way than that they were performed in pursuance of a contract between the parties. Furthermore, the affidavit of Attorney Gensburg is uncontroverted as to its content. Mr. Kaufman's affidavit states merely that he has found no records of said mortgage application, and that it is not the defendant's usual practice to set up files absent a formal application. Mr. Gensburg's affidavit indicates that Keystone did or said something calculated or intended to induce the plaintiffs to believe that they had secured financing for the purchase at issue. Additionally, the plaintiffs may be said to have changed their position in reliance on the aforementioned transaction, thereby incurring some injury. O'Sullivan, supra. Consequently, there exist genuine issues of material fact as to the existence, and the terms, of a loan agreement between the parties, and the motion for summary judgment is denied.
PICKETT, J.