[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENTCOUNTS TWO AND THREE OF DEFENDANT ALBAMONTIS' COUNTERCLAIM] CT Page 4973
The plaintiff, The Bank of Mystic, filed a two count complaint, dated October 6, 1992, against the defendants, Edward W. Latimer and Susan N. Latimer ("Latimers"), The Bank of Mystic, April Smith Associates, Inc., Anita Albamonti and Ronald J. Albamonti ("Albamontis"), and Duncklee Cooling 
Heating, Inc. The following facts are alleged. The Latimers gave a promissory note, dated June 6, 1991, to the plaintiff in the original principal amount of $240,000 payment of which was secured by a mortgage of two tracts of land described by exhibit. Thereafter, the Latimers defaulted on the note and the plaintiff made demand for the entire balance due.
In count one, the plaintiff seeks to foreclose a mortgage on property located at 7 Ball Street, Stonington, Connecticut.[1]
In count two, the plaintiff seeks to foreclose on a mortgage on property located at 143 Water Street, Stonington, Connecticut ("Water Property").[2] The Albamontis are named defendants in the second count as subsequent encumbrancers on the Water Property.
On February 9, 1993, the plaintiff filed a revised complaint, in which it clarified allegations against the Albamontis. Defendant Anita Albamonti has an interest in the Water Property by virtue of a mortgage, dated January 30, 1989; said mortgage is subordinated to the plaintiff's mortgage by a subordination agreement, dated May 14, 1991. Defendant Ronald Albamonti has an interest in the Water Property by virtue of a lis pendens, dated September 11, 1992; said lis pendens is subsequent to the plaintiff's right.
On March 8, 1993, the Albamontis filed a disclosure of defense, in which they allege that the plaintiff was a joint venturer with the Latimers. The Albamontis further allege that the plaintiff was negligent in its lending of monies secured by the Water Property, and that said negligence caused them harm.
On May 17, 1993, the Albamontis also filed an answer, set-off, and counterclaim. On June 14, 1993, the plaintiff filed a motion for summary judgment on count two of its revised complaint against the Albamontis and against the Albamontis' set-offs and counterclaims. On July 12, 1993, the CT Page 4974 Albamontis filed a memorandum of law in opposition to the plaintiff's motion for summary judgment. On July 12, 1993, the court, Teller, J., granted summary judgment against the Albamontis' set-offs and count one of the counterclaim but not as to count two of the plaintiff's complaint.
Count two of the Albamontis' counterclaim contains the following allegations. The plaintiff "organized, directed, and implemented a scheme which resulted in investors pledging money under a pledge agreement to the Bank of Mystic to advance capital to [the Latimers.]" The Albamontis further allege that the plaintiff's failure to exercise reasonable care in creating and implementing such scheme "increased the risk and caused harm to Ronald J. Albamonti." Count three of the Albamontis' counterclaim contains the following allegation: "The plaintiff represented to the defendant Ronald J. Albamonti that if the defendant Ronald J. Albamonti foreclosed the second mortgage on the property, that the plaintiff would not foreclose on the first mortgage."
On July 12, 1993, the plaintiff filed a response to the Albamontis' set-off and counterclaim, denying all allegations contained therein.
Thereafter, on August 12, 1993, the plaintiff filed the current motion for summary judgment, supported by a memorandum of law, against counts two and three of the Albamontis' counterclaim. The plaintiff argues that because the Albamontis fail to raise a bona fide defense against a judgment on its foreclosure action, summary judgment should be granted against count two. The plaintiff further argues that the Albamontis' claims are barred by General Statutes §§ 49-1
and 52-550 (Statute of Frauds).
On October 18, 1993, the Albamontis filed a memorandum of law in opposition to the plaintiff's motion for summary judgment. The Albamontis argue that the plaintiff's motion for summary judgment should be denied because it was filed without a supporting affidavit. The Albamontis further argue that their foreclosure on the Water Property constitutes part performance, which removes their oral agreement with the plaintiff from the requirements of the statute of frauds.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show CT Page 4975 that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citations omitted.) [Wilson v. New Haven,]213 Conn. 277, 279, 567 A.2d 829 (1989). "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Id., citing [Dowling v. Kielak,] 160 Conn. 14, 16, 273 A.2d 716 (1970). "Summary judgment procedure in Connecticut is . . . applicable to counterclaims, so that any party may move for summary judgment upon any counterclaim as if it were an independent action." (Citation omitted.) [United Oil Co. v. UrbanRedevelopment Commission,] 158 Conn. 364, 376, 260 A.2d 596
(1969).
"Sections 378-386 of the Practice Book set forth the, procedures concerning summary judgments." [Tracy v. CharismaAviation, Ltd.,] 8 Conn. L. Rptr. 282 (January 20, 1993, Hadden, J.). "Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citations omitted.) [Johnson v. Meehan,] 225 Conn. 528, 534-35,626 A.2d 244 (1993). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted.) [Connecticut Bank Trust Co. v. Carriage Lane Associates,] 219 Conn. 772, 781,595 A.2d 334 (1991).
The "party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." (Citation omitted.) Id. "The courts hold the movant to a strict standard." [D.H.R. Construction Co. v. Donnelly,]180 Conn. 430, 434, 429 A.2d 908 (1980). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) [State v. Goggin,]208 Conn. 606, 616, 546 A.2d 250 (1988).
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted.) [Connell v.Colwell,] 214 Conn. 242, 246, 571 A.2d 116 (1990). It is "incumbent upon the party opposing summary judgment to CT Page 4976 establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Citation omitted.) [Wadia Enterprises, Inc. v.Hirschfeld,] 224 Conn. 240, 247, 618 A.2d 506 (1992).
FAILURE TO FILE SUPPORTING AFFIDAVITS
The Albamontis argue that the court should deny the plaintiff's motion for summary judgment because the plaintiff failed to provide supporting documentation. "A motion for summary judgment shall be supported by such documents as may be appropriate including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book § 380. But the "failure to file documentation supporting the motion, though it may impact upon its effectiveness, does not render it per se defective in that, in some cases, the propriety of summary adjudication may be demonstrated upon the pleadings alone. . . . [In such instances], extraneous documentation becomes unnecessary and inappropriate." [Barone v. SchusterExpress, Inc.,] 2 CSCR 315 (February 4, 1987, Schaller, J.). The failure of the plaintiff to file supporting documentation does not render its motion for summary judgment per se defective.
COUNT II
The plaintiff argues that count two of the Albamontis' counterclaim contains allegations of a breach of duty owed from the plaintiff to the Albamontis. The plaintiff further argues that because no such duty exists, the Albamontis' claim fails as a matter of law.
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." [Fogarty v. Rashaw,] 193 Conn. 442, 446,476 A.2d 582 (1984), citing [Spencer v. Good Earth RestaurantCorporation,] 164 Conn. 194, 199, 319 A.2d 403 (1972). But "`[n]egligence is a breach of duty.'" [Petriello v.Kalman,] 215 Conn. 377, 382, 576 A.2d 474 (1990), quoting [Urban v. Hartford Gas Co.,] 139 Conn. 301, 304,93 A.2d 292 (1952). "The existence of a duty is a question of law and `[o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand.'" [Petriello v. Kalman,] supra, quoting CT Page 4977 [Shore v. Stonington,] 187 Conn. 147, 151-52,444 A.2d 1379 (1982).
Therefore, the existence of a duty owed from the plaintiff to defendant Ronald J. Albamonti is a question of law that can be resolved through summary adjudication.
"The law does not recognize a `duty in the air.'" (Citations omitted.) [Gordon v. Bridgeport HousingAuthority,] 208 Conn. 161, 171, 544 A.2d 1185 (1988). Accordingly, to sustain the Albamontis' counterclaim, the plaintiff must have owed a duty to defendant Ronald J. Albamonti under the applicable standard of care. See [Shore v. Stonington,] supra, 151. "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." (Citations omitted.) [Coburn v. Lenox Homes, Inc.,]186 Conn. 370, 375, 441 A.2d 620 (1982); see [Calderwood v.Bender,] 189 Conn. 580, 584, 457 A.2d 313 (1983).
The allegations contained in count two of the counterclaim do not support a finding that there exists between the plaintiff and defendant Ronald J. Albamonti a contract, a statute, or an applicable reasonable person standard of care in order to impose liability on the plaintiff. Giving careful consideration to the briefs of the parties it is found that the Albamontis have failed to substantiate the existence of a duty of care as a matter of law. Because the Albamontis have failed to substantiate their adverse claim, the Albamontis have not met their burden of opposing the plaintiff's motion for summary judgment against count two of their counterclaim.
COUNT III
The plaintiff argues that count three of the Albamontis' counterclaim is barred by the statute of frauds. The Albamontis argue that because their foreclosure on the Water Property constitutes part performance, the statute of frauds does not render count three of their counterclaim proper for summary adjudication.
The statute of frauds provides in pertinent part: CT Page 4978
 No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: . . . (2) against any person upon any special promise to answer for the debt, default or miscarriage of another; . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property. . . .
General Statutes § 52-550(a). A statute of frauds claim may be raised in a motion for summary judgment. [Smith v. KeystoneMortgage Services Corp.,] 7 CSCR 265 (December 31, 1991, Pickett, J.). "[A]n agreement to forbear from foreclosing a mortgage involves an interest in real property; therefore, such an agreement is within the purview of the Statute of Frauds and must be in writing." [Glastonbury Bank and Trust Co.v. Corbett Construction Co., Inc.,] 7 Conn. L. Rptr. 519, 521 (November 30, 1992, Walsh, J.); see [Lafayette Bank and TrustCo. v. D'Addario,] 10 Conn. L. Rptr. 224, 225 (October 7, 1993, Maiocco, J.).
The defendants, having failed to comply with the statute of frauds, are "relying on a theory of part performance, under which `acts on the part of [a] promisee may be sufficient to take a contract out of the statute' of frauds." [Dunham v.Dunham,] 204 Conn. 303, 314, 528 A.2d 1123 (1987), quoting [Ubysz v. DiPietro,] 185 Conn. 47, 54, 440 A.2d 830 (1981). "`The doctrine of part performance arose from the necessity of preventing the statute against frauds from becoming an engine of fraud.'" (Citation omitted.) [Ubysz v. DiPietro,] supra.
"The doctrine of part performance requires, however, as an essential element, conduct that is `referable to and consistent with [an] oral agreement [between the parties].'" (Citations omitted.) [Dunham v. Dunham,] supra, 314-15. "Without such an agreement, there is no basis for finding that `the party seeking enforcement, in reasonable reliance on the contract and on the continuing assent of the party against whom enforcement is sought, has so changed his position that injustice can be avoided only by specific enforcement.'" (Citations omitted; emphasis omitted.) Id., 315.
The plaintiff argues that the Albamontis' foreclosure on CT Page 4979 the Water Property does not constitute part performance because the Albamontis were merely exercising their legal rights either by virtue of their mortgage agreement with the Latimers or under existing Connecticut law. The Albamontis argue that the foreclosure on the Water Property is "sufficient to remove an oral agreement from the statute of frauds."
The plaintiff's present action to foreclose on the Water Property is neither referable to nor consistent with an oral agreement between the parties such that the plaintiff will not foreclose on the first mortgage. In opposing the plaintiff's motion for summary judgment, the Albamontis have not provided an affidavit or documentation that would support a finding of such an oral agreement. Because the Albamontis have failed to establish a factual predicate from which it can be determined, as a matter of law, that there was conduct referable to and consistent with an oral agreement between the parties, the doctrine of part performance does not take the present action out of the statute of frauds. Therefore, the Albamontis have not met their burden of opposing the plaintiff's motion for summary judgment against count three of their counterclaim.
On the basis of this analysis it is found that the Albamontis have failed to substantiate their adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Viewing the evidence in the light most favorable to the nonmoving party, therefore, it is found that as to counts two and three on the counterclaim there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Accordingly, the plaintiff's motion for summary judgment against counts two and three of the Albamontis' counterclaim is granted.
Leuba, J.