[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
On November 9, 1994, the plaintiff, P G Enterprises Limited Partnership, filed a three count complaint against the defendant, SKW Real Estate Limited Partnership.
In Count 1, the plaintiff alleges that on April 14, 1987, Home Bank and Trust Company (then known as Shawmut's Home Bank) committed a certain mortgage loan to the plaintiff in the amount of 2.1 million dollars. The terms of the loan were stated in a Commitment Letter which provided that:
 [t]he Loan shall bear interest at a fixed rate of 10.00% for the first 5 years of a 10 year term. At the beginning of the 6th year (Adjustment Date) and every year thereafter, the rate will be fixed at prime plus 2.25% with a ceiling of 13.00% through the tenth (10th) year.
On June 10, 1987 the plaintiff completed this mortgage transaction with Home Bank.
The Promissory Note pertaining to the loan transaction stated in pertinent part:
 [t]he rate of interest payable in this Note, in no event and at no time, shall be greater than thirteen percent (13%) nor less than ten percent (10%) per annum, and the maximum increase or decrease in the interest rate shall not be more than two (2%) percent over the rate of the prior year. CT Page 2907
The plaintiff claims that more than five years have passed since the original loan, and the adjustments that were to occur pursuant to the Commitment Letter have not taken place. However, the plaintiff claims that changes in rates pursuant to the terms of the Promissory Note have taken place. The plaintiff claims that it has paid the amounts billed by the holder of the Note.
The defendant obtained title to the obligation on June 24, 1993 by virtue of an assignment from Shawmut Bank Connecticut, N.A. the successor to Shawmut Home Bank.
The terms of the Commitment provide in part that it shall survive the loan closing until such time as the loan has been paid in full. At no time since the extension of credit, has the loan been paid in full.
The plaintiff claims that at no time did the plaintiff knowingly agree to modify the rate provision as set forth in the Commitment Letter. Also, the plaintiff alleges that to the extent that the Note does not incorporate the language of the Commitment Letter, the Note is a mistake which was never bargained for by the defendant's predecessor.
The plaintiff alleges that there was no consideration for a change in the interest rate provision set forth in the Commitment Letter.
Accordingly, the plaintiff demands a rate adjustment consistent with the Commitment Letter and, to the extent necessary, reformation of the Note to reflect properly the terms of said Commitment Letter.
In Count 2 the plaintiff alleges that the terms of the Commitment Letter constitute the basis of the contract between the plaintiff and the defendant's predecessor in title and the failure to adjust the rate consistent with the terms of the Commitment Letter constitute a material breach of the Loan Commitment, all to the special loss and damage of the plaintiff.
In Count 3 the plaintiff alleges that the defendant's failure to adhere to the Commitment letter and adjust the CT Page 2908 interest rate in June of 1992 consistent with the terms of said Commitment Letter, constitute an unfair trade practice in violation of the Connecticut Unfair Trade Practices Act.
On November 23, 1994 the defendant filed a motion to strike and a memorandum in support thereof, attacking separately each of the three counts contained in the plaintiff's complaint. First, the defendant argues that the Revised Complaint should be stricken for nonjoinder of necessary and indispensable parties. Secondly, the defendant claims that the first count is legally insufficient to state a cause of action for reformation. Next, the defendant argues that the second count should be stricken because the Commitment Letter is not a final expression of the agreement between the parties and therefore, a cause of action for breach of contract is not valid. Furthermore, the defendant argues that the third count alleging violations of CUTPA should be stricken because the plaintiff failed to allege a violation of the Act with particularity and because the plaintiff failed to allege more than a single isolated incident. Lastly, the defendant claims that the second and third counts should be stricken because they are barred by limitations.
On December 22, 1994, the plaintiff filed a memorandum in opposition to the defendant's motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
"The purpose and scope of a motion to strike are identical to those of a demurrer under the old rules of practice . . . and where an appeal is taken from a judgment following the granting of a motion to strike, we take the facts to be those alleged in the amended complaint construed in a manner most favorable to the pleader."Cavallo v. Derby Savings Bank, 188 Conn. 281, 283,449 A.2d 986, 987 (1982).
"A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). CT Page 2909
"In considering the ruling upon the motion to strike we are limited to the facts alleged in the complaint." Kingv. Board of Education, 195 Conn. 90, 93, 486 A.2d 111
(1985).
Nonjoinder
First, the defendant argues that the Revised Complaint should be stricken because of the nonjoinder of necessary and indispensable parties. The defendant argues that the plaintiff's performance under the note and mortgage was guaranteed by three of its partners and an affiliated corporation. Therefore, the plaintiff, argues that the guarantors are necessary and indispensable parties and the failure by the plaintiff to join them requires the striking of the complaint.
In opposition, the plaintiff argues that the motion to strike the complaint for failure to join necessary and indispensable parties should be denied for the following reasons: The defendant failed to provide the name and residence of the allegedly necessary parties or their interest in the cause of action; and the guarantors are not indispensable parties to this action.
"A motion to strike on the ground of nonjoinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence and must state his interest in the cause of action." Practice Book § 152.
In its motion to strike, the defendant states names and addresses of the guarantors — Anthony Gallichio, Daniel R. Gallichio, Bhupen Patel and Sawmill Park Development Corporation. The defendant merely states that the "guarantors are necessary and indispensable parties. . ." Therefore, the defendant has failed to comply with the requirements of § 152 of the Practice Book. Accordingly, the motion to strike the plaintiff's complaint for nonjoinder of necessary parties is denied.
In Biro v. Hill, 214 Conn. 1, 5-6, 570 A.2d 182
(1990), the court defined necessary parties as: CT Page 2910
 persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and to complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties.
"A party is defined as indispensable if its interest in the case is such that a final judgment cannot be entered without either affecting the party's interest or leaving the case in such condition that its final resolution may be inconsistent with equity and good conscience." W.G. GlenneyCo. v. Bianco, 27 Conn. App. 199, 203 (1992).
The guarantors and the plaintiffs in this case have the same interests. Therefore, it is not necessary that the guarantors be joined in this action. Accordingly, the guarantors are not indispensable parties.
Count One- Reformation
Next, the defendant argues that the first count fails to allege a legally sufficient cause of action for reformation. The defendant argues that the plaintiff seeks to reform the promissory note to delete the minimum interest rate provision because the plaintiff did not knowingly intend to agree to the variation from the Commitment Letter. The defendant argues that the plaintiff is seeking reformation on the basis of unilateral mistake. However, the defendant argues that the plaintiff has failed to allege that the defendant engaged in actual or constructive fraud or inequitable conduct.
The plaintiff argues that the first count of the complaint is based on mutual mistake, not unilateral mistake as the defendant claims. Furthermore, the plaintiff argues that when reformation is the basis of a cause of action, it is required that the mistake be mutual. CT Page 2911
In Harlach v. Metropolitan Property Liability Ins.Co., 221 Conn. 185, 190-91, 602 A.2d 1007 (1992), the court stated that:
 [r]eformation is appropriate in cases of mutual mistake — that is where, in reducing to writing an agreement made or transaction entered into as intended by the parties thereto, through mistake, common to both parties, the written instrument fails to express the real agreement or transaction.
In the complaint, the plaintiff alleges that "[a]t no time did the plaintiff knowingly agree to modify the rate provision as set forth in the Commitment Letter and to the extent that the Note does not incorporate the language of the Commitment Letter, same is a mistake which was never bargained for by the defendant's predecessor." (Complaint, p. 3.).
The plaintiff has not alleged facts which support reformation based on mutual mistake. The language in the complaint suggests that the plaintiff made a mistake and the interest rate floor was something that was never bargained for. Therefore, the allegations made by the plaintiff in the complaint suggest that a unilateral mistake occurred. Accordingly, the allegations in the complaint, if proven, do not support a cause of action for reformation. The motion to strike the first count is granted.
Count Two- Breach of Contract
The defendant argues that the plaintiff has failed to state a cause of action for breach of contract pursuant to the Commitment Letter. In support of this contention, the defendant argues that the Commitment Letter is not a final integration of the agreement concerning interest on the loan. The defendant further argues that the parole evidence rule prohibits the plaintiff from asserting a contract claim on an interest rate provision which was superseded by the note.
In response, the plaintiff argues that it did not intend to make the Note contain additional terms not stated CT Page 2912 in the Commitment Letter. The plaintiff argues that it believed that the terms of the Commitment Letter were the final terms of the loan agreement. In summary, the plaintiff argues that it did not intend to make the Note a final integration of the contract as agreed to in the Commitment Letter. Therefore, the plaintiff argues that the intention of the parties in the formation of this contract presents a question not to be determined by a motion to strike.
In Greene v. Scott, 3 Conn. App. 34, 36, 484 A.2d 474
(1984), the court stated:
 [t]he parol evidence rule is a rule of substantive law which provides that when two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing.
It must be determined whether the Note is an integrated agreement. "A written agreement is integrated and operates to exclude evidence of the alleged extrinsic negotiation if the subject matter of the latter is mentioned, covered or dealt with in the writing . . . if it is not, then probably the writing was not intended to embody that element. Associated Catalog Merchandisers, Inc. v.Chagnon, 210 Conn. 734, 740 (1989).
The parties did not intend for the Commitment Letter to be the final integration of the rights. Rather, the Promissory Note, which sets forth the interest rate which was to be charged, was the integrated writing. Therefore, the plaintiff should be precluded through application of the parol evidence rule from introducing evidence to show that the defendant breached the Commitment Letter. Accordingly, the defendant's motion to strike the second count of the plaintiff's complaint is granted.
Count Three- CUTPA
The defendant argues that the plaintiff failed to CT Page 2913 allege with particularity facts which support a cause of action under CUTPA. The defendant argues that the plaintiff has failed to meet its burden of proof established in the case of A-G Foods Inc. v. PepperidgeFarm, Inc., 216 Conn. 200 (1990). Additionally, the defendant argues that an isolated act does not state a claim under CUTPA.
The plaintiff argues that it has met the burden of proof under A-G Foods, Inc., and that not all three criteria enunciated in that case need be satisfied. The plaintiff argues that the insertion of the minimum interest rate clause and the lack of performance in accordance with the contract between the plaintiff and the defendant's predecessor in interest were unfair trade practices in violation of CUTPA. Furthermore, the plaintiff argues that it alleges that after the Commitment Letter was consummated between the plaintiff and the defendant's predecessor in interest that an additional term was subsequently added to the contract without the consent of the plaintiff. The plaintiff argues that these allegations are particular enough to satisfy a claim for violation of public policy under CUTPA. Lastly, the plaintiff argues that a single isolated act is sufficient to satisfy a claim for a violation under CUTPA.
"A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S. Textile Mills, Inc. v.Brown, Jacobson, Tillinghast, Lahan King, P.C.,32 Conn. App. 786, 797, 631 A.2d 340 (1993).
General Statutes § 42-110b(a) states that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." In Daddona v. Liberty Mobile Home Sales, Inc.,209 Conn. 243, 550 A.2d 1051 (1988), the court stated "[i]n determining whether a practice violates CUTPA, we use the following criteria:"
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common laws, or otherwise-whether, in other words, it is within at least CT Page 2914 the penumbra of some common law, statutory, or other established concepts of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen.)]. . . Thus, a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy.
Id., 254.
"All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three."McLaughlin Ford Inc. v. Ford Motor Co., 192 Conn. 558, 569
n. 15 (1984).
In the complaint the plaintiff states that the "failure to adhere to the terms of the Commitment Letter and adjust the interest rate in June of 1992 consistent with the terms of said Commitment Letter constitute an unfair trade practice in violation of the Unfair Trade Practice Act. . ." Therefore, the plaintiff has pleaded with sufficiency facts alleging a violation of CUTPA. Accordingly, the defendant's motion to strike the third count of the complaint is denied.
There is a split among the Superior Court decisions as to whether a single act can constitute a violation of CUTPA. This court has held that the allegation of a single occurrence is sufficient to state a cause of action for a violation of CUTPA. Palmieri v. Smith, 9 CSCR 7539, 7543 (July 18, 1994, Hennessey, J.).
The defendant's motion to strike count three is denied.
Counts Two and Three- Statute of Limitations
The defendant argues that the second and third counts should be stricken because they are barred by the statute of limitations. The defendant argues that although a defense of limitations is normally pleaded as a special CT Page 2915 defense, there are exceptions to this rule which the facts of this case satisfy. The defendant claims that the contract claim is barred by the statute of limitations because a claim for breach of contract based on the Commitment Letter should have been brought within six years of the date of breach pursuant to General Statutes § 52-576. Secondly, the defendant argues that the plaintiff's claim under CUTPA is also barred by the statute of limitations because it was brought more than three years after the alleged violation. Accordingly, the defendant argues that this claim is barred pursuant to General Statutes § 42-110g(f).
The plaintiff argues that the cause of action was brought within the statutory time limit because the cause of action accrued when the lender failed to adjust the interest rate in accordance with the five year adjustment date as specified in the Commitment Letter, Note and Mortgage. Therefore, the plaintiff argues that the plaintiff's right of action was not complete because no injury was inflicted until the adjustment date occurred and, therefore, the statutory time limit had not terminated. Secondly, the plaintiff claims that the statutory time limitation regarding the CUTPA claim was tolled by the continuing course of conduct which existed because of the duty that remained after the commission of the original wrong by virtue of the special relationship that existed between the lender and borrower.
In Forbes v. Ballaro, 31 Conn. App. 235, 239,624 A.2d 389 (1993), the court stated
 "A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike. . . The advantage of the statute of limitations cannot be taken by [a motion to strike]. . . [T]he objection to this mode of pleading is that it raises no issue and deprives the plaintiff of an opportunity to reply a new promise or acknowledgement. . . A motion to strike might also deprive a plaintiff of an opportunity to plead matters in avoidance of the statute of limitations defense. . . In two limited situations, however, we will allow the use of a motion to CT Page 2916 strike to raise the defense of the statute of limitations. The first is when the parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer. . . The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right- it is a limitation of the liability itself as created, and not of the remedy alone."
Against this background, we conclude that a statute of limitations defense should be pleaded as a special defense rather than a ground for a motion to strike. Therefore, the defendant's motion to strike the second and third counts for reasons that the statutory time limit had expired is denied. The facts in the present case do not satisfy the exceptions to the rule stated in Forbes. The plaintiff in the present case claims that the statute of limitations began to run at the time when the lender failed to adjust the interest rate. However, the defendant claims that the Commitment Letter was dated April 14, 1987, the loan closed on June 10, 1987, and the writ was served on July 11, 1994, seven years later. Therefore, the parties do not agree that the complaint sets forth all facts pertinent to the question of the statute of limitations. Accordingly, the motion to strike the second and third counts based on a statute of limitations argument is denied.
Mary R. Hennessey, J.