**In re Stanley C. CHESSICK, Debtor.**

**Arthur SARNECKY, Plaintiff,**

**v.**

**Stanley C. CHESSICK, Defendant.**

**In re Richard C. PETRUCELLI and Eleanor J. Petrucelli, Debtors.**

**Arthur SARNECKY, Plaintiff,**

**v.**

**Richard C. PETRUCELLI, Defendant.**

**Bankruptcy Nos. 5–88–00995, 5–88–00998.**

**Adv. Nos. 5–89–0197, 5–89–0202.**

United States Bankruptcy Court, D. Connecticut.

June 29, 1990.

Thomas E. Lee, Fairfield, Conn., for plaintiff.

Robert C. Sousa, Ryan & Tyma, Shelton, Conn., for defendants.

## MEMORANDUM AND ORDER ON MOTIONS TO DISMISS

ALAN H.W. SHIFF, Bankruptcy Judge.

The defendants move to dismiss these adversary proceedings under Rule 12(b)(6) Fed.R.Civ.P., made applicable here by Bankruptcy Rule 7012(b).

## BACKGROUND

On November 10, 1988, the defendants filed petitions under chapter 11 of the Bankruptcy Code. On April 6, 1989, an order entered converting their cases to chapter 7. On September 27, 1989, the plaintiff commenced the instant adversary proceedings under Code § 523(a)(2)(A), (4) and (6).[1] Each of the plaintiff's complaints

---

1. Code § 523(a) provides:

A discharge under section 727 ... of this title does not discharge an individual from any debt—

....

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive; ...

....

allege that the defendant was a general partner in LMP Associates, a general partnership; that on January 9, 1987, the plaintiff and the LMP general partners entered into an agreement (the "Agreement") under which the plaintiff paid them $50,000.00; that prior to entering into the Agreement Raymond Miller, an LMP general partner, told the plaintiff that the $50,000.00 would be used to improve real estate located in Branford, Connecticut and was a secure investment; and that the LMP partners did not and never intended to invest the money in the Branford property. The plaintiff's complaints claim that the defendants obtained the $50,000.00 through the fraud, false representations or false pretenses of themselves and their partners; that the Agreement and a special relationship between Raymond Miller and the plaintiff[2] created a fiduciary relationship between the defendants and the plaintiff and that the failure to use the money to improve the property constituted embezzlement or larceny within the meaning of § 523(a)(4); and that the acts of the defendants violated § 523(a)(6).

On March 8, 1990, the defendants filed the instant motions to dismiss, contending that "the Complaint fails to state a claim against Defendant upon which relief can be granted in that the Plaintiffs [sic] bases his actions on 'verbal' statements outside of the contract that is subject to this claim, said statements being precluded by [the] parol evidence rule."[3] The defendants argue that the Agreement makes no reference to improvement of the Branford property, that the alleged misrepresentations were made before the Agreement was entered into and would be inadmissible in a trial, and that the exclusion of these statements eliminates the plaintiff's causes of action.

> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
> ....
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity....

**2.** The complaint alleges that Raymond Miller was the plaintiffs employment supervisor and a senior banking officer.

## DISCUSSION

Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted...." The Second Circuit has held that "[d]ismissal of a complaint for failure to state a claim is a 'drastic step'." *Meyer v. Oppenheimer Management Corp.*, 764 F.2d 76, 80 (2d Cir.1985) (citations omitted). The burden of demonstrating that a complaint does not state a claim is on the moving party, and in determining whether that burden has been met, the court must assume that all factual allegations in the complaint are true and make all reasonable inferences in favor of the non-moving party. *Miree v. DeKalb County*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977); 2A *Moore's Federal Practice* ¶ 12.07[2.–5], at 12–63 (2d ed. 1985). The allegations of a complaint are to be liberally construed, and the likelihood that the plaintiff will prevail and the fact that the requested relief is inappropriate or that legal theories have been miscategorized are immaterial. 2A *Moore's* at 12–65, 67. The court should not grant a motion under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). While dismissal is appropriate if the complaint lacks an allegation necessary to the cause of action, 2A *Moore's* at 12–68, "[t]he function of a motion to dismiss 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980)).

**3.** The parol evidence rule provides that "'[w]hen two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence ... of antecedent understandings and negotiations will not be admitted for purposes of varying or contradicting the writing.'" *Greene v. Scott*, 3 Conn.App. 34, 484 A.2d 474, 476 (1984) (quoting 3 A. Corbin, *Contracts* § 573, at 357 (1960)).

The defendants make no argument that the plaintiff's complaints are somehow legally insufficient. Rather, they ask this court to speculate as to the plaintiff's ability to have evidence admitted at trial. This is not an appropriate use of Rule 12(b)(6), and the motions are denied on that basis.

Even assuming that the sufficiency and admissibility of evidence were an appropriate subject for consideration in a motion under Rule 12(b)(6), the defendants' motions would be denied. As the Second Circuit has stated, "[i]t is well settled under Connecticut law that parol evidence is admissible to show fraud or misrepresentation." *Woodling v. Garrett Corp.*, 813 F.2d 543, 554 (2d Cir.1987). *See also Jay Realty, Inc. v. Ahearn Development Corp.*, 189 Conn. 52, 56, 453 A.2d 771 (1983); *Paiva v. Vanech Heights Constr. Co., Inc.*, 159 Conn. 512, 521, 271 A.2d 69 (1970). The plaintiff's complaint are based upon fraud, so that it is likely that antecedent oral statements by the defendants would be admissible in a trial of these adversary proceedings.

See also, D.C., 741 F.Supp. 388.

---

Shearman & Sterling, New York City (Carole L. Fern, Lorraine K. Rak, of counsel), for plaintiffs.

Oppenheimer, Wolff & Donnelly, New York City (Herbert C. Ross, Jr., of counsel), for defendants Aerospace & Singer.

Myerson, Cooper, Stahl & Zelmanovitz, New York City (Joseph Zelmanovitz, of counsel), for defendant Bilzerian.

## CONCLUSION

For the foregoing reasons, the defendants motions are denied, and IT IS SO ORDERED.