**In re Peter J. GOULD, d/b/a Cherry Hill Development Co., Debtor.**

**Peter J. Gould, d/b/a Cherry Hill Development Co., Plaintiff,**

v.

**S.S. Silberblatt, Inc. and Marigon Corporation, Defendants.**

**Bankruptcy No. 03–51180.
Adversary No. 04–05046.**

United States Bankruptcy Court,
D. Connecticut.

March 15, 2006.

See also 337 B.R. 750.

Thomas J. Romans, Hackensack, NJ, Peter L. Ressler, Groob Ressler & McQueen, New Haven, CT, for plaintiff.

Arnold Y. Kapiloff, Schwartzman, Garelik, Walker, Kapiloff & Troy, P.C., New York, NY, Ellery E. Plotkin, Stamford, CT, for Defendants.

## MEMORANDUM AND ORDER ON MOTION TO DISMISS COMPLAINT

ALAN H.W. SHIFF, Bankruptcy Judge.

Peter J. Gould filed a First Amended Complaint on August 1, 2005, asserting three counts: quantum meruit, unjust enrichment, and implied contract. The defendants, S.S. Silberblatt Inc. and Marigon Corporation[1] (collectively "Silberblatt"), move to dismiss all three counts for failure to state a claim on which relief may be granted. *See* F.R. Civ. P. Rule 12(b)(6), made applicable by F.R. Bankr.P. 7012(b).

### BACKGROUND

In relevant part, the amended complaint alleges the following. Gould holds a 6.67% interest in Oakland Associates ("Oakland"), a New York partnership, which was formed to acquire an undivided one half interest in real property located in Oakland, California ("Property") from Silberblatt, a New York corporation. *Amended Complaint at 2,* ¶ 7. A facility was to be constructed on the Property and leased to the United States Postal Service. *Id.* The facility was to be developed and managed by a joint venture between Oakland and Silberblatt ("Joint Venture") in accordance with a joint venture agreement dated April 11, 1969 ("JVA"). *Id.* at 2, ¶ 8. The JVA provided that "Silberblatt was to complete the construction of the Post Office building on the Property and to perform all obligations of the landlord under the lease... other than those 'by their nature must be performed by the parties hereto pursuant to this [JVA]'." *Id.* at 4, ¶ 20. Silberblatt was "compensated for [its[2]] efforts in organizing and consummating the project." *Id.* at 4, ¶ 18.

Commencing in 1991, the Joint Venture allegedly "encountered ... a series of serious financial and operational problems, which were the responsibility of Silberblatt to handle but which Silberblatt did not attend to and which [Gould] undertook to handle and solve with the full knowledge and consent of Silberblatt." *Id.* at 4–8 and 9, ¶ ¶ 22–41, 44. Gould further alleges that he "undertook to assist Silberblatt or *to perform Silberblatt's duties* in good faith with the expectation that he would be reasonably compensated for his work and be reimbursed for monies [he] had personally expended during the course of his performing these services." *Id. at* 9, ¶ 45 (emphasis added).

### DISCUSSION

Standard for Dismissal

The standard for dismissal under F.R. Bankr.P 7012(b) is well settled.

The burden of demonstrating that a complaint does not state a claim is on the moving party, and in determining whether that burden has been met, the

---

1. Silberblatt transferred a portion of its interest in an April 11, 1969 Joint Venture to Marigon described *infra* at 3.

2. No individual has been identified in connection with the Silberblatt entity.

court must assume that all factual allegations in the complaint are true and make all reasonable inferences in favor of the non-moving party. . . . The court should not grant a motion under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. . . . While dismissal is appropriate if the complaint lacks an allegation necessary to the cause of action, the function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.

*In re Chessick,* 116 B.R. 28, 30 (Bankr. D.Conn.1990) (citations and quotations omitted).

### First Count—Quantum Meruit

■ To recover in quantum meruit under New York law,[3] a party must establish: (1) the performance of the services was in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services. *See LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham,* 185 F.3d 61, 66 (2d Cir.1999) (analyzing *quantum meruit* claim).

Parenthetically, Silberblatt's reliance on *LeBoeuf* to support its motion is misplaced. To the contrary, *LeBoeuf* supports the denial of Silberblatt's motion. In 1992, Worsham was one of the principal shareholders of TWGI, a group of corporations. *LeBoeuf, supra* at 63. After several LeBoeuf invoices for legal services were unpaid, it commenced a quantum meruit

action in the District Court for the Southern District of New York against Worsham and TWGI. Although LeBoeuf's legal services dealt primarily with TWGI's ventures, it was alleged that Worsham personally received legal services from LeBoeuf. *Id.* LeBoeuf moved for summary judgment against both defendants. A default judgment entered against TWGI for failure to appear. Worsham opposed the motion on the basis that LeBoeuf had been hired only by TWGI and not by him in his personal capacity. *Id.* The district court entered summary judgment for LeBoeuf and against Worsham on, *inter alia,* its quantum meruit claim. On appeal, the Second Circuit reversed, noting that "the complaint never alleged that Worsham, alone retained [LeBoeuf's] services. The complaint did allege that both Worsham and TWGI retained LeBoeuf." *Id.* at 67. The court also noted that "the complaint alleges that LeBoeuf fully performed its obligations for Worsham's and TWGI's benefit and that they would be unjustly enriched if not required to pay." *Id.* Accordingly, the court of appeals reversed, "because there is a genuine issue of material fact of whether the legal services were provided to a corporation rather than to Worsham personally." *Id.* at 63.

Here, as distinguished from a summary judgment motion, the inquiry is limited to the adequacy of the amended complaint to assert an action upon which relief may be granted.[4] The issue is whether it appears beyond doubt that the plaintiff can prove no set of facts in support of his quantum meruit claim which would entitle him to relief. As noted, the test for relief on a

---

3.  Because all the business entities in this proceeding are New York entities, with New York offices, New York law applies. *See e.g., Maryland Cas. Co. v. Continental Cas. Co.,* 332 F.3d 145 (2d Cir.2003) (applying New York's "center of gravity" test).

4.  Under F.R.Civ.P 12(b)(6), if matters outside the pleadings had been presented, the court would consider the instant motion under Rule 56. Additionally, the parties did not comply with Local Rule 56. *See District of Connecticut Local Rules* 56(a), effective May 1, 2005.

quantum meruit claim requires proof that (1) the performance of the services was in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services.

It cannot be said that the First Count of Gould's amended complaint, read so that all reasonable inferences are drawn in his favor, fails to state a quantum meruit claim. Gould alleges:

> [H]is expenditure of funds were (sic) done with the consent and approval of Silberblatt and performed by [him] *for Silberblatt* with the expectation that [he] would be reimbursed for his expenditure of funds and reasonably compensated for his services.

*Id.* at 10, ¶ 48,

> The aforesaid services and expenditure of funds by [Gould] in the performance of these services was of *direct benefit to Silberblatt* and [Gould] is entitled to be paid and reimbursed for same by Silberblatt and Marigon under the equitable doctrine of quantum meruit. . . .

*Id.* at 10, ¶ 50 (emphasis added).

The above paragraphs considered together with the allegation that Gould performed the services in good faith, *see id.* at 9, ¶¶ 43, 45, satisfy all four prongs of the quantum meruit test.

**Second Count—Unjust Enrichment**

The Second Count repeats each and every allegation of the First. *See Amended Complaint* at 10, ¶ 51. Moreover, ¶ 52 alleges that ". . . as a result of the foregoing services performed by [Gould] and his expenditure of his own funds in the course of his performing Silberblatt's duties . . . Silberblatt has received and enjoyed both considerable and value savings in time and money it would have otherwise have been required to expend and incur." *See also id.* at 11 ¶¶ 53 and 54.

The allegations required to sustain an unjust enrichment claim are essentially the same as the quantum meruit test. *See Newman & Schwartz v. Asplundh Tree Expert Co., Inc.,* 102 F.3d 660, 663 (2d Cir.1996) ("Counts Two and Three for quantum meruit and unjust enrichment were quite properly subsumed by the district court into a single count for restitution. . . ."); *Seiden Associates, Inc. v. ANC Holdings, Inc.,* 768 F.Supp. 89, 96 (S.D.N.Y.1991) ("Plaintiff's remaining causes of action are based on quantum meruit and unjust enrichment. As I hinted in my earlier opinion, quantum meruit and unjust enrichment are not separate causes of action. . . ."), *rev'd on other grounds,* 959 F.2d 425 (2d Cir.1992). Accordingly, the allegations of the Second Count are sufficient to state a claim on which relief may be granted for the same reasons.

**Third Count—Implied Contract**

The Third Count repeats each of the paragraphs of the first two counts. A claim for an implied contract "requires that [the] plaintiff prove that there were inferences to be drawn from the conduct of the parties that they intended to be bound by a contract." *Missigman v. USI Northeast, Inc.,* 131 F.Supp.2d 495 (S.D.N.Y. 2001).

As noted, *supra* at 4–5, Gould specifically alleges that the services he provided and the funds he expended were "with the consent and approval of Silberblatt and performed by [him] for Silberblatt with the expectation that [he] would be reimbursed . . . and compensated . . . ." *Id.* at 10, ¶ 48. *See also id.* at 4, ¶ 20.

In the context of a motion to dismiss under Rule 12(b)(6), where all factual alle-

gations are deemed to be true and all reasonable inferences must be drawn in favor of the non-moving party, *see In re Chessick, supra* at 28, it must be concluded that an implied contract complaint has been alleged in the Third Count.

Accordingly, the defendants' motion to dismiss is denied, and

IT IS SO ORDERED.